UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENRY TORRES SANDOVAL, AKA Henry Flores, | No. 14-70432 |
| Petitioner, | Agency No. A076-355-299 |
| v. | ORDER |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

Before: CHRISTEN and WATFORD, Circuit Judges, and SOTO,[*] District Judge.

Respondent's unopposed motion to amend the memorandum disposition is granted. An amended memorandum disposition will be filed simultaneously.

Pursuant to General Order 5.3(a), no petitions for rehearing will be entertained.

---

[*] The Honorable James Alan Soto, United States District Judge for the District of Arizona, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENRY TORRES SANDOVAL, AKA Henry Flores,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 14-70432<br><br>Agency No. A076-355-299<br><br>AMENDED MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 12, 2017
Pasadena, California

Before: CHRISTEN and WATFORD, Circuit Judges, and SOTO,** District Judge.

1. On December 12, 2013, an Immigration Judge (IJ) concurred in a negative

reasonable fear determination issued by an Asylum Officer (AO) against

Petitioner. Six days later, on December 18, 2013, Petitioner appealed to the Board

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable James Alan Soto, United States District Judge for the District of Arizona, sitting by designation.

of Immigration Appeals (BIA). The BIA received the appeal on December 26, 2013, and sent a filing notice the following day, December 27, 2013. Then, on January 29, 2014, the BIA issued a short order dismissing Petitioner's appeal based on a lack of jurisdiction according to the governing federal regulations. Petitioner appealed that order to this Court on February 14, 2014.

2. In *Ayala v. Sessions*, 855 F.3d 1012 (9th Cir. 2017) and *Martinez v. Sessions*, 863 F.3d 1155 (9th Cir. 2017), this Court described "when reasonable fear determinations challenging reinstated removal orders become administratively final." *Martinez*, 855 F.3d at 1159. The concerns that led the Court in those cases to decide that the administrative proceedings became final for appellate review purposes when the BIA issued its dismissal order also apply here. In particular, "[t]he constellation of statutes, regulations, instructions contained on various forms, and responses from the BIA create a landscape that is confusing at best," and makes aliens "susceptible to being caught in a trap for the unwary." *Id.* at 1159–60. Petitioner diligently pursued his case, filing his appeal with the BIA and his petition to this Court shortly after the relevant orders were issued. Under these circumstances, the final administrative order for review is the appeal from the BIA; therefore, the petition for review is timely, and we have jurisdiction.

3. The Government did not contest the merits of Petitioner's case, and has, therefore, waived any opposition. *See Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009) (holding that an appellee who did not address an argument in the answering brief had waived that issue). Given Petitioner's testimony, which was found credible by both the AO and IJ, the negative reasonable fear determination is reversed. The case is remanded to the Immigration Court so that the IJ may give full consideration to the Petitioner's request for withholding or deferral of removal.

**REVERSED and REMANDED**.