**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARRISON GACHUKIA KAMAU,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS, III, Attorney General,<br><br>Respondent. | No.   13-74358<br><br>Agency No.<br>A089-303-397<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2017[**]
Seattle, Washington

Before:  HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges:

Harrison Gachukia Kamau, a native and citizen of Kenya, petitions for review

of the Board of Immigration Appeals' ("BIA") order affirming an immigration

judge's ("IJ") denial of his application for asylum, withholding of removal,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

humanitarian asylum, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny in part and dismiss in part the petition.

Substantial evidence supports the BIA's denial of relief based upon Kamau's failure to establish both that he was a member of a particular social group and that his membership in that group was a central reason for his persecution. *See* 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 208.13(b)(1). Kamau failed to explain how his identified particular social group—Christian males from the Kikuyu tribe who oppose the Mungiki—is recognizable in Kenyan society and, thus, has not shown that the group is socially visible and particular. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1088–91 (9th Cir. 2013) (en banc) (requiring that the shared characteristic be "generally . . . recognizable" by other members of the community and querying whether the group "can accurately be described in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons").

Even assuming that Kamau demonstrated that his group is socially visible, he has not shown that he was persecuted "on account of" his membership in that group. *See* 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 208.13(b)(1). Specifically, substantial

evidence supports the IJ's conclusion that the Mungiki targeted him because of his economic status in the community as the owner of a *matatu*—a type of minibus. *See Ayala v. Sessions*, 855 F.3d 1012, 1020–21 (9th Cir. 2017) (noting that extortion qualifies as past persecution only when the extortion is motivated by a protected ground); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) ("These [economic and personal] motivations do not constitute persecution on account of political opinion."), *abrogated on other grounds by Henriquez-Rivas*, 707 F.3d at 1093.

For the same reason, substantial evidence supports the BIA's conclusion that Kamau failed to established a well-founded fear of future persecution on account of his membership in a particular group. *See* 8 C.F.R. § 208.13(b)(2)(i).

The BIA reasoned that Kamau's claim for withholding of removal failed because his asylum claim failed. That reasoning is inconsistent with *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). But we need not remand because doing so would be "an idle and useless formality." *NLRB v. Wyman–Gordon Co.*, 394 U.S. 759, 766 n.6 (1969). Substantial evidence supports the agency's finding that there was no nexus between Kamau's persecution and his membership in a particular social group. Likewise, Kamau's failure to establish past

3

persecution and fear of future persecution means that his plea for humanitarian asylum also fails.[1] 8 C.F.R. § 208.13(b)(1)(iii); *see also Hanna v. Keisler*, 506 F.3d 933, 939 (9th Cir. 2007). Kamau has failed to carry his burden to show that it is more likely than not that he would be tortured if returned to Kenya. *See Barajas-Romero*, 846 F.3d at 363–64.

Finally, Kamau has waived his claim for persecution based on religion because he did not challenge the IJ's decision regarding that claim when he appealed to the BIA. Consequently, we do not have jurisdiction to hear that claim. *See* 8 U.S.C. § 1252(d)(1); *Abebe v. Mukasey*, 554 F.3d 1203, 1207–08 (9th Cir. 2009).

**PETITION DENIED in part and DISMISSED in part.**

---

[1] Kamau argues that the BIA did not explicitly address his argument for humanitarian asylum, but the BIA's conclusion that Kamau failed to establish past persecution on account of a protected ground renders him ineligible for humanitarian asylum.