
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HARRISON GACHUKIA KAMAU,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-71276

Agency No. A089-303-397

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2020[**]
Seattle, Washington

Before: GRABER and W. FLETCHER, Circuit Judges, and KOBAYASHI,[***]
District Judge.

Harrison Gachukia Kamau, a native and citizen of Kenya, petitions for

review of the Board of Immigration Appeals' ("BIA") denial of his untimely

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

motion to reopen his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The BIA denied Kamau's motion to reopen as time-barred under 8 U.S.C. § 1229a(c)(7)(C). We review the BIA's denial of a motion to reopen for abuse of discretion and review questions of law de novo. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.

A motion to reopen generally must be filed within ninety days of the entry of a final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, there is no time limit on the filing of a motion to reopen if the petition presents newly discovered or previously unavailable evidence showing changed circumstances arising in the country of nationality or the country to which removal has been ordered. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *Chandra v. Holder*, 751 F.3d 1034, 1038 (9th Cir. 2014).

The BIA permissibly concluded that Kamau's wife's asylum application and potential testimony did not constitute new evidence. In 2012, the immigration judge ("IJ") considered a declaration from Kamau's wife; her asylum application and second declaration address the same crime and therefore are not new evidence.

The BIA also permissibly rejected Kamau's allegations concerning conditions in Kenya. Kamau's declaration describes events that took place before

2

he left Kenya, and Kamau lacks personal knowledge about the current conditions in Kenya.

Substantial evidence supports the BIA's conclusion that Kamau would be ineligible for asylum even if the merits of his claim were considered. He has not shown that Christian males of the majority Kikuyu tribe who oppose the Mungiki have the requisite particularity or social distinction in Kenya to constitute a particular social group under the Immigration and Naturalization Act for asylum. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1088–91 (9th Cir. 2013) (en banc). Further, nothing in Kamau's motion to reopen addressed the BIA's earlier conclusion that the Mungiki targeted Kamau for economic reasons, not on account of any protected ground. *See Kamau v. Sessions*, 706 F. App'x 395, 396 (9th Cir. 2017) ("[S]ubstantial evidence supports the IJ's conclusion that the Mungiki targeted [Kamau] because of his economic status in the community as the owner of a *matatu*–a type of minibus."). Finally, Kamau has waived any argument based on alternative social groups.

The BIA properly rejected Kamau's claim that his son's asylum application presents evidence of changed circumstances. Kamau's son alleges that Mungiki members beat, abducted, and forced him to commit to the organization. The BIA found that Kamau's son was not targeted based on a protected ground, but was

3

subject to gang recruitment. *See Henriquez-Rivas*, 707 F.3d at 1092–93 (noting that generalized opposition or resistance to gangs or gang recruitment does not constitute a protected group). Further, Kamau made no showing that he would be recruited by the Mungiki or that he would be targeted by the Mungiki due to his relationship with his son.

The BIA did not violate due process. The BIA considered Kamau's arguments and provided a reasonable basis for rejecting his motion to reopen. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (noting that the BIA need not write "an exegesis on every contention," but need only "consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (citation and quotation marks omitted)).

**PETITION DENIED.**