**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIRIAM GARCIA-REYES, AKA Yrma Garcia Reyes,<br><br>               Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>               Respondent. | No.   15-70083<br><br>Agency No. A070-170-797<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 6, 2017
Submission Vacated November 6, 2017
Resubmitted October 25, 2018
Pasadena, California

Before:  GILMAN,** WARDLAW, and RAWLINSON,*** Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**     The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

\***    This case was submitted to a panel that included Judge Stephen Reinhardt.  Following Judge Reinhardt's death, Judge Rawlinson was drawn by lot to replace him.  Ninth Circuit General Order 3.2.h.  Judge Rawlinson has read the briefs, reviewed the record, and listened to oral argument.

Miriam Garcia Reyes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals (BIA) decision affirming the denial by the immigration judge (IJ) of her applications for cancellation of removal under 8 U.S.C. § 1229b(b) and for humanitarian asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(5). We deny in part and grant in part the petition for review and remand with instructions.

1. We find no error in the BIA's determination that Garcia's daughter was not a qualifying relative for the purposes of cancellation of removal due to the daughter's twenty-first birthday during the pendency of the proceedings. *See Mendez-Garcia v. Lynch*, 840 F.3d 655, 664 (9th Cir. 2016). On this record, Garcia has not shown the type of "extraordinary delays" resulting from governmental action that would violate due process. *Id.* at 667.

2. The BIA erred in finding Garcia ineligible for humanitarian asylum. Because Garcia has shown that organized crime has targeted her family with extortion and violence, including deadly force, a reasonable factfinder would be compelled to conclude that Garcia has established a reasonable possibility that she may suffer other serious harm upon removal.[1] 8 C.F.R. § 1208.13(b)(1)(iii)(B);

---

[1] Although the government argues on appeal that Garcia will live in Tijuana or Mexicali and has not provided evidence of harm in those particular areas, the BIA did not rely on this rationale, and, consequently, we may not consider it. *Navas v. I.N.S.*, 217 F.3d 646, 658 n.16 (9th Cir. 2000).

*Haile v. Holder*, 658 F.3d 1122, 1125 (9th Cir. 2009). In concluding otherwise, the BIA failed to account for the fact that a substantial percentage of Garcia's family has suffered serious harm in the form of murder, death threats, and other violence. For example, a cartel member killed Garcia's brother-in-law when he did not give in to extortion demands. Cartel members also shot at Garcia's brother in an attempt to steal his taxi; corrupt police officers attempted to kidnap him; and he continues to receive threats from the cartels due to his connection to the family businesses. The attempt to extract money from Garcia's sister followed by death threats when she refused to comply, in particular, shows that family members are targeted on account of the family's perceived wealth, not just for their role in operating the family business—and that Garcia would be similarly at risk. We have repeatedly recognized that the kinds of harm and threats to family members that Garcia describes here give rise to a reasonable possibility of persecution akin to serious harm. *See, e.g.*, *Ayala v. Sessions*, 855 F.3d 1012, 1020–21 (9th Cir. 2017); *Zhang v. Ashcroft*, 388 F.3d 713, 718 (9th Cir. 2004); *Hernandez-Ortiz v. I.N.S.*, 77 F.2d 509, 515 (9th Cir. 1985).

The BIA also disregarded Garcia's explanation, corroborated by country conditions evidence, that her family did not call the police because the police "are very corrupt and they are usually involved with the cartel." Indeed, this fact underscores the reasonable possibility that Garcia may suffer other serious harm

3

upon removal to Mexico, as it shows that law enforcement authority, in collusion with the cartels, cannot protect her from the violence directed at her family.

The BIA assumed, without deciding, that Garcia's past harm constituted persecution on account of a protected ground. 8 C.F.R. § 1208.13(b)(1). Accordingly, we remand to the BIA with instructions to make the requisite findings and, as appropriate, to exercise its discretion as to whether to grant humanitarian asylum. *Id.* § 1208.13(b)(1)(iii).

**PETITION DENIED IN PART AND GRANTED IN PART; REMANDED WITH INSTRUCTIONS.**[2,3]

---

[2] The pending motion to supplement the record on appeal (ECF No. 43) is DENIED AS MOOT.

[3] Each party shall bear its own costs on this petition for review.

***Garcia-Reyes v. Sessions*, Case No. 15-70083**
**Rawlinson, Circuit Judge, concurring:**

I agree that Petitioner Miriam Garcia-Reyes is eligible for humanitarian asylum. However, I would predicate the grant of asylum on the unrelenting sexual assaults perpetrated upon Garcia-Reyes by her very own father.

During removal proceedings, Garcia-Reyes testified that her father "has always abused me." She related that "[h]e was fondling us without caring of the age that we had, we were big or not." Garcia-Reyes stated that their mother did not intervene. Rather, she expressed the view that Garcia-Reyes "deserved" the abuse.

In her declaration, Garcia-Reyes also described the sexual abuse and her mother's comment that she deserved the abuse because she "was a whore." When Garcia-Reyes was fourteen, she attempted to flee, but her father found her and "dragged [her] back to the house by [her] hair."

We have recognized that sexual abuse of young women constitutes a legitimate basis for the grant of humanitarian asylum relief. *See*, e.g., *Mohammed v. Gonzales*, 400 F.3d 785, 798 (9th Cir. 2005) (describing female genital mutilation as "a form of gender-based persecution"). We have also recognized that "persecution may be emotional or psychological, as well as physical." *Id.* at 796 (citation and alteration omitted). We gave as an example of persecution "a forced

1

pregnancy examination." *Id.* The continuous sexual assaults described by Garcia-Reyes at least rise to the level of a forced pregnancy examination. On that basis, I concur that Garcia-Reyes should be considered for a grant of humanitarian asylum.