**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUAN CARLOS LOPEZ VELAZQUEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

Nos.   16-70231
16-73145

Agency No. A077-147-541

MEMORANDUM[*]

On Petition for Review of Orders of the Immigration Judge and an Order of the
Department of Homeland Security

Submitted April 17, 2019[**]
San Francisco, California

Before:  THOMAS, Chief Judge, M. SMITH, Circuit Judge, and VRATIL,[***]
District Judge.

In these consolidated petitions, Juan Carlos Lopez-Velazquez, a native and

citizen of Mexico, petitions for review of an order of an immigration judge ("IJ")

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kathryn H. Vratil, United States District Judge for the
District of Kansas, sitting by designation.

affirming an asylum officer's negative reasonable fear determination, a Department of Homeland Security order reinstating his prior order of removal, and an IJ's decision denying his motion to reopen *sua sponte* his reasonable fear review proceedings. Because the parties are familiar with the history of these cases, we need not recount it here.

## I

## A

The IJ did not err in issuing a negative reasonable fear determination, as Lopez-Velazquez claims in petition no. 16-70231. Lopez-Velazquez's claim that the IJ did not allow him to testify is belied by the record.

Given the nature of expedited removal proceedings, Lopez-Velazquez's argument that the IJ's decision is so conclusory it lacks substantial evidence also lacks merit. *See Bartolome v. Sessions*, 904 F.3d 803, 813–14 (9th Cir. 2018) ("In expedited proceedings . . . IJs do not have the ability nor are they required to provide detailed decisions outlining all the claims [and evidence] raised by the alien.").

Finally, substantial evidence supports the IJ's negative fear determination. Lopez-Velazquez described the most serious incident where one of his cousins shot at his feet as just "kidding around." He also testified that he had not seen any of

them since 2001, that none of them had attempted to contact him, and that he did not know whether they were even in Mexico. Moreover, Lopez-Velazquez told immigration authorities when returning to the United States that he did not fear persecution or torture in Mexico. In sum, substantial evidence supports the IJ's determination that Lopez-Velazquez failed to establish a reasonable fear of persecution or torture.

B

We lack jurisdiction to review Lopez-Velazquez's collateral attacks to his underlying removal order in petition no. 16-70231. Lopez-Velazquez challenges a 2000 final order of removal through a petition for review filed in 2016. His petition is untimely, because a petition for review must be filed no later than 30 days after the date of the final order of removal. 8 U.S.C. § 1252(b)(1). "This time limit is mandatory and jurisdictional and not subject to equitable tolling." *Ayala v. Sessions*, 855 F.3d 1012, 1018 (9th Cir. 2017) (citation and internal quotations omitted). Thus, his collateral attacks are years untimely and we lack jurisdiction to review them.

## II

In petition no. 16-73145, Lopez-Velazquez offered no argument as to why the IJ's denial of his motion to reopen *sua sponte* was in error, nor did he list it as an issue in his opening brief. Thus, we deem this issue waived and dismiss this petition for review for failure to prosecute. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived."); Ninth Circuit Rule 42-1.

## III

In sum, we deny in part, and dismiss in part, petition no. 16-70231. We dismiss petition no. 16-73145. Given our conclusions, we need not address any other issues raised by the parties.

**PETITION No. 16-70231 DENIED IN PART AND DISMISSED IN PART; PETITION No. 16-73145 DISMISSED.**