**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE ALVARENGA-RIVERA, | No.    18-71895 |
| Petitioner, | Agency No. 200-958-972 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an
Immigration Judge's Decision,
Agency No. 200-958-972

Submitted March 3, 2020**
Pasadena, California

Before:  CALLAHAN and NGUYEN, Circuit Judges, and CHRISTENSEN,***
District Judge.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***        The Honorable Dana L. Christensen, United States Chief District Judge for the District of Montana, sitting by designation.

Jorge Alvarenga-Rivera challenges the Immigration Judge's ("IJ") negative reasonable fear determination after reinstatement of his 2016 order of removal. 8 U.S.C. § 1231(a)(5), (b)(3); 8 C.F.R. §§ 241.8(e), 1241.8(e). We have jurisdiction under 8 U.S.C. § 1252(a)(1), (5). *See Ayala v. Sessions*, 855 F.3d 1012, 1017–18 (9th Cir. 2017). We deny his petition.

1. Substantial evidence supports the IJ's determination that Alvarenga-Rivera is not eligible for withholding of removal because he did not demonstrate that he fears harm upon return to Honduras based on a protected ground. Alvarenga-Rivera's testimony that he was targeted by MS-13 for resisting their recruitment efforts is not an imputed political opinion. *See, e.g.*, *Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013). Alvarenga-Rivera's testimony that gang members watched him walk to church and attacked two of his cousins does not compel us to conclude that the IJ erred in finding no evidence that MS-13 targeted Alvarenga-Rivera because of his religious beliefs or family/kinship ties.

2. Substantial evidence supports the IJ's decision that Alvarenga-Rivera is not eligible for relief under the Convention Against Torture because he failed to show the government's acquiescence to gang violence in the region. Alvarenga-Rivera's testimony that local police are reluctant to investigate gang-related crimes

out of fear for their safety does not indicate police corruption; it shows the police are "aware of torture but powerless to stop it." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033–34 (9th Cir. 2014) (quoting *Mouawad v. Gonzales*, 485 F.3d 405, 413 (8th Cir. 2007)). We also reject Alvarenga-Rivera's argument that the IJ should have taken judicial notice of the U.S. Department of State's Country Report for Honduras, as he never referenced or submitted that report to the IJ. *Cf. Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010) (holding that the BIA's failure to consider country-condition evidence that was "included in the record without objection" is reversible error).

3. Reviewing de novo, *Perez-Lastor v. I.N.S.*, 208 F.3d 773, 777 (9th Cir. 2000), Alvarenga-Rivera's due process claim fails. Even assuming that the framework set forth in *Matter of M-A-M*, 25 I. & N. Dec. 474 (BIA 2011) applies in reasonable-fear review proceedings, the record does not present indicia of mental incompetence. During his interview, at which he was represented by counsel, Alvarenga-Rivera experienced "health-related complaints . . . and poor memory[,]" neither of which impeded his "rational and factual understanding of the nature and object of the proceedings," *id.* at 477–79, or otherwise violated his right to due process.

Alvarenga-Rivera's petition is therefore **DENIED.**

3