**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SILVIA MARISOL AYALA, AKA Silva Ayala-Ayala, AKA Silvia Rodriguez, AKA Gabriela Rodriguez-Silav, AKA Gabriela Rodriguez-Silva, | No. 13-72250 |
| *Petitioner*, | Agency No. A078-080-029 |
| v. | OPINION |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| *Respondent*. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued June 7, 2016
Submitted April 24, 2017
Pasadena, California

Filed May 1, 2017

Before: Stephen Reinhardt and Kim McLane Wardlaw,
Circuit Judges, and Edward R. Korman,[*] District Judge.

Opinion by Judge Reinhardt

---

[*] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

# SUMMARY**

## Immigration

The panel granted a petition for review of the denial of a motion to reconsider or reopen a negative reasonable fear determination in reinstatement removal proceedings.

An immigration judge affirmed an asylum officer's determination that petitioner failed to establish a reasonable fear of persecution in reinstatement removal proceedings. Petitioner filed a motion to reconsider or reopen, which the IJ denied. Rather than directly petitioning this court for review, petitioner filed an appeal with the Board of Immigration Appeals, and the Board dismissed the appeal for lack of jurisdiction. Petitioner then filed the present petition for review within 30 days of the Board's decision.

The panel first held that this court has jurisdiction over petitions for review from negative reasonable fear determinations in the context of the reinstatement of an expedited removal order.

The panel next held that under all the circumstances of this case, including the fact that the IJ's decision on the motion advised petitioner of a right to appeal to the Board, even though no such right exists, the Board's decision constituted the final order of removal, and the petition is therefore timely.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Turning to the merits, the panel held that the IJ abused his discretion in denying the motion to reconsider or reopen. The panel held that the IJ erred in concluding that extortion could not constitute persecution because extortion, plus the threat of violence, on the basis of a protected characteristic, can constitute persecution.

Noting that petitioner sought only withholding of removal and not asylum, and therefore needed to establish only that a protected characteristic was "a reason" motivating the extortionate acts, the panel remanded to the IJ to determine whether petitioner established an "extortion plus" claim of persecution, based on her claimed extortion due to her family ties.

**COUNSEL**

Bradley A. Hyde (argued), Latham & Watkins LLP, Costa Mesa, California; for Petitioner.

Timothy G. Hayes (argued) and Robert D. Tennyson, Trial Attorneys; Carl McIntyre, Assistant Director; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

REINHARDT, Circuit Judge:

After having been previously removed from the country and reentering, petitioner Silvia Ayala was detained and her removal order was reinstated. Ayala contended, however, that she had a reasonable fear of persecution because she had been targeted for extortion, accompanied by threats of violence, in Guatemala based on her family ties.

Pursuant to 8 C.F.R. § 241.8(e), Ayala had the right to have her reasonable fear claim heard by an asylum officer and then reviewed by an immigration judge (IJ). The asylum officer found that Ayala lacked a reasonable fear, and the IJ affirmed, holding that Ayala's extortion claim was legally insufficient to establish persecution. Ayala filed a motion to reconsider and reopen, which the IJ denied. Instead of directly petitioning the Ninth Circuit for review, however, she appealed that decision to the BIA. The BIA dismissed the appeal for lack of jurisdiction. Following the BIA's dismissal, Ayala filed a petition with the Ninth Circuit within 30 days; the petition, however, was filed more than 30 days after the IJ's denial of the motion to reopen and reconsider.

First, we must decide whether we have jurisdiction over petitions for review from negative reasonable fear determinations in the context of the reinstatement of an expedited removal order under 8 U.S.C. § 1252. We conclude that we do.

Second, we must decide whether Ayala's petition for review is timely filed within 30 days of her final order of removal. 8 U.S.C. § 1252(b)(1). To do so, we must determine

whether the final order was the BIA's dismissal for lack of jurisdiction or the IJ's denial of Ayala's motion to reopen and reconsider. Ayala's petition for review is timely only if the former was the final order. We conclude that, under all of the circumstances, the BIA's dismissal is the final order of removal, and Ayala's petition for review is therefore timely.

We next turn to the merits of her motion and hold that the IJ abused his discretion in denying it. The IJ committed legal error by holding that extortion could not constitute persecution. On the contrary, extortion, plus the threat of violence, on the basis of a protected characteristic can constitute persecution. *See Borja v. I.N.S.*, 175 F.3d 732, 736 (9th Cir. 1999) (en banc), *superseded by statute on other grounds as stated by Parussimova v. Mukasey*, 555 F.3d 734, 739–40 (9th Cir. 2009). Because Ayala seeks only withholding of removal and not asylum, she need establish only that a protected characteristic was "a reason" motivating the extortionate acts. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Therefore, we grant Ayala's petition for review and remand to the IJ to determine whether Ayala has established an "extortion plus" claim of persecution. *See id.*

**Statutory Background**

"The Immigration and Nationality Act (INA) provides for the expedited removal of an alien who was previously subject to a removal order but returned illegally to the United States." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 831 (9th Cir. 2016). In such cases, "the original removal order may not be executed against [the alien] again unless it is reinstated by an authorized official." *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 956 (9th Cir. 2012). To reinstate the order, "an immigration

officer must (1) obtain the prior order related to the alien, (2) confirm that the alien under consideration is the same alien who was previously removed or voluntarily departed, and (3) confirm that the alien unlawfully reentered the United States." *Id.* at 956 (internal quotation marks omitted). After doing so, the officer must give the immigrant written notice and an opportunity to contest the findings. *Id.* If all of these requirements are met, the removal order is reinstated and the immigrant "shall be removed" under the prior removal order. 8 C.F.R. § 241.8(c).

Nonetheless, "an alien subject to a reinstated removal order may be able to obtain CAT protection or other withholding of removal if eligible." *Andrade-Garcia*, 828 F.3d at 832. Pursuant to federal regulations, an alien who "'expresses a fear of returning to the country designated' in the reinstated order of removal . . . must be 'immediately referred to an asylum officer for an interview to determine whether the alien has a reasonable fear of persecution or torture.'" *Id.* (quoting 8 C.F.R. § 241.8(e)). "If the officer decides that the alien does have a reasonable fear of persecution or torture, the case is referred to an immigration judge ("IJ") 'for full consideration of the request for withholding of removal only.'" *Ortiz-Alfaro*, 694 F.3d at 956–57 (quoting 8 C.F.R. § 208.31(e)). If, however, "the asylum officer decides that the alien has not established a reasonable fear of persecution or torture," then the alien is entitled to appeal that determination to an IJ. *Id.* at 957 (citing 8 C.F.R. § 208.31(g)). On appeal, if the IJ affirms "the officer's negative fear determination, the case is 'returned to the Service for removal,'" and the alien is not entitled to appeal further to the BIA. *Id.* The alien may, however, petition this court for review of a negative reasonable fear determination. *Andrade-Garcia*, 828 F.3d at 833.

**Factual and Procedural Background**

Silvia Ayala is a 45 year old native and citizen of Guatemala. She first entered the United States in 1991 and requested asylum three years later on account of persecution she suffered for joining a student protest. Her asylum request was denied, but she was granted voluntary departure. Nevertheless, she remained in the United States until December 1998, when she left with her husband for Guatemala.

Ayala stayed in Guatemala for only one month. Soon after returning to Guatemala, she and her husband were followed by a car while riding their motorcycle. Although Ayala got off the motorcycle at her husband's urging, he continued riding, and the car followed him. Later that day, he was found badly beaten. Her husband then told her to return to the United States with their child. During that same month in Guatemala, Ayala also received threatening phone calls at her house.

Ayala returned to the United States in January 1999, was apprehended at the border, and removed within the same week. Soon thereafter, she reentered the United States and has resided here since that time. While she has been in the United States, her family in Guatemala has continued to face threats. In 2007, her husband was murdered,[1] and at some point in 2012, unknown assailants shot at her mother's house.

---

[1] Although Ayala originally stated to the asylum officer that she did not know who killed her husband, she later stated to the IJ that the police killed him.

In October 2012, over a decade after she reentered in 1999, Ayala was detained by ICE and was served with a notice of reinstatement of her prior deportation order that same day. She was not deported immediately, however, because she expressed a fear of returning to Guatemala.

On February 8, 2013, pursuant to 8 C.F.R. § 241.8(e) and the procedures described above, Ayala met with an asylum officer for a determination as to whether she had a reasonable fear of persecution or torture. Despite deeming her credible, the asylum officer concluded that Ayala had not established a reasonable fear because (1) her past harm did not rise to the level of persecution; and (2) there was no evidence that such harm was due to Ayala's membership in a particular social group. The officer stated that her husband was targeted only for extortion, which did not rise to the level of past persecution.

Because the asylum officer made a negative reasonable fear determination, Ayala was entitled to appeal this determination to an IJ. On April 9, 2013, an IJ conducted a reasonable fear hearing and affirmed the asylum officer's negative determination. During the hearing, Ayala claimed that a "group of people" was targeting her because "[m]y husband's family owned hotels and I believe they wanted to extort us and that is why we were being followed." At the end of the hearing, the IJ stated that he was affirming the asylum officer's decision "because the only motivation indicated throughout is extortion, criminal acts." He did not offer any other explanation. The denial form signed by the IJ and served on Ayala states that "the case is returned to the DHS for removal of the alien." It also states: "This is a final order. There is no appeal available." The IJ's denial form is incorrect. There *is*, in the normal parlance, an "appeal"

available from the IJ's affirmance of the negative reasonable fear determination: Ayala was entitled to what is denominated a petition for review to this court. *Andrade-Garcia*, 828 F.3d at 833.

On April 23, 2013, Ayala filed a motion for reopening and reconsideration of the IJ's reasonable fear determination with the IJ. She argued that she was "afraid of returning as she was married to a Hotel owner and that he was murdered and she had been a victim of criminal activity in Guatemala when she was in the company of her husband." On April 29, the IJ denied the motion to reopen for failing to state any new facts and the motion to reconsider for failing to specify any error of law or fact. A cover sheet from the immigration court mailed to Ayala with the IJ's decision stated: "This decision is final unless an appeal is filed with the Board of Immigration Appeals within 30 calendar days of the date of the mailing of this written decision." The cover sheet then provides an address of the BIA for the appeal. As explained above, these instructions were also incorrect: Ayala should have been instructed to petition directly to this court for review, not to the BIA. *Ortiz-Alfaro*, 694 F.3d at 957 ("The regulations do not provide any means for the alien to appeal the IJ's decision regarding a reasonable fear of persecution to the [BIA].").

In accordance with the court's instructions, on May 7, 2013, Ayala appealed the denial of the motion to reopen and reconsider to the BIA. On June 18, the BIA dismissed the appeal, stating that "no appeal lies from an Immigration Judge's decision reviewing a negative Reasonable Fear Determination."

Ayala then filed a petition for review with this court on June 22, 2013, four days after the BIA dismissed her appeal, but more than 30 days after the IJ denied her motion to reopen and reconsider on April 29, 2013.

## I. Jurisdiction

We have jurisdiction to consider our own jurisdiction. *Daas v. Holder*, 620 F.3d 1050, 1053 (9th Cir. 2010). This case presents two jurisdictional questions.

### A. Jurisdiction to review an IJ's reasonable fear determination arising under the reinstatement of an expedited removal order

Ayala was issued an *expedited* removal order when she reentered the country on January 16, 1999. The present case arises out of the government's reinstatement of that January 1999 expedited removal order against Ayala. We clearly have jurisdiction over timely petitions for review of reasonable fear determinations that arise out of the reinstatement of "ordinary"—that is, not expedited—removal orders. *See Andrade-Garcia*, 828 F.3d at 833. We must decide whether the fact that this case deals with the reinstatement of an *expedited* removal order precludes us from exercising jurisdiction.[2]

---

[2] Although both parties agree that we are not deprived of jurisdiction by the fact that we are faced with reinstatement of an expedited removal order, we nonetheless have "an independent obligation" to "raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

In *Garcia de Rincon v. Department of Homeland Security*, we held that we lack jurisdiction to review the reinstatement of an expedited removal order when an alien seeks to collaterally attack the underlying expedited removal order on due process grounds. 539 F.3d 1133, 1138 (9th Cir. 2008). Although 8 U.S.C. § 1252(a)(2)(D) vests us with jurisdiction to review constitutional claims and questions of law on appeal of reinstated removal orders, 8 U.S.C. § 1252(e) precludes review of such issues for the reinstatement of an expedited removal order. *Id.* We noted in *Garcia de Rincon* that we "retain some limited jurisdiction to adjudicate a collateral attack on an underlying expedited removal order that has been reinstated; but §§ 1252(a)(2)(A) and 1252(e) expressly limit the scope of such review to habeas petitions alleging that the petitioner is not an alien or was never subject to an expedited removal order." 539 F.3d at 1139. In that case, these provisions deprived us of jurisdiction over the petitioner's due process challenge to the proceedings that resulted in her expedited removal order. *Id.*

*Garcia de Rincon*, however, is distinguishable from and inapplicable to this case. Unlike the petitioner in *Garcia de Rincon*, Ayala does not seek to collaterally attack her underlying expedited removal order. Instead, she is challenging the accuracy of the outcome of her reasonable fear determination during her reinstatement proceedings (rather than during her original underlying expedited removal proceedings). Her petition for review in no way implicates the underlying 1999 expedited removal order, and therefore *Garcia de Rincon* is inapplicable. Nothing in 8 U.S.C. § 1252 prevents us from exercising jurisdiction to review the accuracy of the 2013 reasonable fear determination arising from Ayala's 2012 reinstatement proceedings. *Cf. Morales de Soto v. Lynch*, 824 F.3d 822, 825 (9th Cir. 2016) (concluding

jurisdiction is proper where petitioner "does not challenge the legitimacy of her . . . expedited order of removal" . . . but instead "limits her appeal to the manner in which ICE decided to issue the reinstatement order against her"); *Ortiz-Alfaro*, 694 F.3d at 958 ("[R]esolving the issues presented by Ortiz's petition for review will not undermine the reinstatement of the removal order, as Ortiz has not challenged the validity of the reinstatement or the underlying prior removal order."). Accordingly, we conclude that we have jurisdiction over petitions for review of reasonable fear determinations made in connection with the reinstatement of expedited removal orders.

**B. Ayala's petition for review is timely**

A "petition for review must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). This time limit is "'mandatory and jurisdictional' and 'not subject to equitable tolling.'" *Yepremyan v. Holder*, 614 F.3d 1042, 1043 (9th Cir. 2010) (quoting *Stone v. I.N.S.*, 514 U.S. 386, 405 (1995)). The central question before us is whether the BIA's dismissal for lack of jurisdiction or the IJ's denial of the motion to reopen and reconsider was the final order. If it was the former, the petition was timely; if not, we lack jurisdiction. We conclude that Ayala's petition is timely because the BIA's order of dismissal was the final order in this case.

The INA provides that a removal order becomes final "upon the earlier of—(i) a determination by the [BIA] affirming such [an] order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]." 8 U.S.C. § 1101(a)(47). This statutory definition of finality, however, does not answer the question

when an order becomes final in cases, like Ayala's, in which the regulations preclude BIA review. Neither of the alternatives provided in § 1101(a)(47) is applicable in such cases. *See Ortiz-Alfaro*, 694 F.3d at 957. In *Ortiz-Alfaro*, we gave a somewhat understated explanation of the problem, stating that the "statutory definition of finality does not dictate a clear answer" in reinstatement cases "because there is no way to appeal the reinstatement of a removal order to the BIA." *Id.* at 958 (citing 8 C.F.R. § 241.8). In a subsequent case, we explained further that when the statutory definition of finality fails to definitively provide an answer, a removal order is considered final only when "all administrative proceedings have concluded." *Abdisalan v. Holder*, 774 F. 3d 517, 526 (9th Cir. 2014) (en banc), *as amended* (Jan. 6, 2015); *accord Ortiz-Alfaro*, 694 F.3d at 959.

Applying *Ortiz-Alfaro* and *Abdisalan*, we conclude that the BIA's dismissal for lack of jurisdiction was the final order in Ayala's case for three reasons. First, "all administrative proceedings" were not concluded until the BIA rendered its order dismissing Ayala's appeal. After proceedings were completed before the IJ, Ayala initiated further proceedings before the BIA in accordance with the specific directions provided to her by the agency. Where the agency has advised a petitioner to pursue further proceedings before the BIA and the individual timely does so, "all administrative proceedings" have not concluded, and no final order exists, until that administrative body has issued an order, even if the body lacks jurisdiction and the order merely dismisses the appeal on that basis.

Second, were we to hold that the IJ's determination is the "final" order, Ayala would be inadvertently deprived of her only opportunity for judicial review of her negative

reasonable fear determination. We have previously warned against applying rules in a manner that effects such a total deprivation of judicial review. *See Ortiz-Alfaro*, 694 F.3d at 958.**[3]** Ayala should not lose her right to judicial review for mistakenly following the normal exhaustion process, where, as here, the agency misled her by providing her with contradictory and incorrect instructions: first that she had *no* right of appeal and then, when her motion to reconsider was denied, that she did have a right to appeal to the BIA and instructing her to follow the normal procedure by filing that appeal "with the Board of Immigration Appeals within 30 calendar days."

Finally, any concerns about delays in the reinstatement process caused by petitioners who appeal to the BIA instead of petitioning directly to this court should be minimal in future cases: in light of our opinion, the BIA would be well advised to institute a process for quickly dismissing such appeals. More important, the agency can without delay

---

**[3]** Consider, for example, a pro se immigrant in a typical asylum case who appeals an IJ's negative finding on only constitutional (non due-process) grounds. Of course, "[t]he BIA does not have jurisdiction to determine the constitutionality of the statutes it administers." *Padilla-Padilla v. Gonzales*, 463 F.3d 972, 977 (9th Cir. 2006), and the BIA therefore must dismiss the appeal based on its lack of jurisdiction. Nevertheless, the immigrant would not be penalized for appealing to the BIA—that is, the immigrant would not lose the ability to petition the Ninth Circuit for review of his constitutional issue simply because he brought the constitutional issue to the BIA. *Cf. Morgan v. Gonzales*, 495 F.3d 1084, 1089 (9th Cir. 2007) (holding that constitutional issues over which the BIA lacks jurisdiction do not have to be exhausted). The same is true in this case. Here, Ayala appealed to the BIA even though the BIA lacked jurisdiction. Just as with the hypothetical asylum seeker, Ayala should not lose her ability to petition for review because she appealed a case to the BIA on which it could not rule.

correct its practice of misleading immigrants by changing its erroneous notices, both by the IJ and in the document accompanying the notice of decision. Instead of erroneously advising petitioners to appeal to the BIA or that they have no further legal recourse at all, its notices could inform them, for example, that their sole remedy in the case of a negative reasonable fear determination is to petition this court for review within thirty days of the IJ's decision.

In light of these circumstances, we hold that the "final" order in this case is the BIA's dismissal of Ayala's appeal. Because Ayala's petition for review was filed four days after this final order, it is timely filed, and we have jurisdiction to review the IJ's denial of the motion to reopen and reconsider.[4]

## II. The IJ abused his discretion in denying Ayala's motion to reopen and reconsider.

A motion to reconsider addresses whether an IJ made errors of law or fact, whereas a motion to reopen may be granted only upon a proffer of new evidence that "is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.23(2), (3); *accord Iturribarria v. I.N.S.*, 321 F.3d 889, 895 (9th Cir. 2003). "We review the BIA's denial of motions . . . to reconsider for abuse of discretion, although [de novo] review applies to the BIA's determination of purely legal questions."

---

[4] Because we determine that Ayala's petition is timely on the basis explained above, we need not reach either (1) her argument that the BIA erred in finding it lacked jurisdiction; or (2) her argument that the letter from the immigration court erroneously instructing her that the order would be final *unless she appealed* to the BIA resulted in a violation of the due process clause.

*Cano Merida v. I.N.S.*, 311 F.3d 960, 964 (9th Cir. 2002) (internal quotation marks omitted) (alteration in original).

At the hearing before the IJ on her appeal from the negative reasonable fear determination, Ayala stated that she and her husband were the subjects of extortion because of his family's ownership of hotels. Despite this testimony, the IJ ignored the evidence of persecution on account of her family status in his oral decision: he affirmed the asylum officer "because the only motivation indicated throughout is extortion, criminal acts."

Following the IJ's affirmance, Ayala moved for reconsideration, again stating that she was afraid to return because she would be targeted based on her family ties. ("Respondent claims that she is afraid of returning as she was married to a Hotel Owner . . . ."). The IJ denied this motion by simply stating that Ayala "did not specify any error of law or fact" and that "the facts stated in the Respondent's motion were considered in the prior proceeding."

The IJ abused his discretion in concluding that there was no legal error in his previous opinion affirming the negative reasonable fear determination.[5] Contrary to the IJ's holding, our precedents make clear that economic extortion on the basis of a protected characteristic can constitute persecution.

---

[5] We review the legal error de novo and conclude that the IJ abused his discretion in reaching the result he did. *See Popa v. Holder*, 571 F.3d 890, 894 (9th Cir. 2009) ("An IJ abuses his discretion when he acts arbitrarily, irrationally, or contrary to law.") (citations and quotation marks omitted); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.").

*Borja*, 175 F.3d at 736; *Barajas-Romero*, 846 F.3d at 357 & n.5 ("A person seeking withholding of removal must prove not only that his life or freedom will be threatened in his home country, but also that the threat is 'because of' one of the five listed reasons:" race, religion, nationality, membership in a particular social group, or political opinion) (citing 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.16(b)). In *Borja*, for example, the petitioner suffered past persecution on account of her political opinion when she was extorted partly for economic reasons and partly on the basis of her political statements. 175 F.3d at 736. We described this type of persecution as "extortion plus"—that is, extortion, with the threat of violence, on the basis of a protected characteristic. *Id.*

Here, Ayala testified that she suffered this type of persecution by stating that she faced extortion, and threats of violence, not only for economic reasons, but also because of her family ties. *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015) ("[T]he family remains the quintessential particular social group."). Whatever the merits of her claim, it was legal error for the IJ to hold that extortion could not constitute persecution for the purposes of withholding of removal: where the petitioner's membership in a particular social group (in this case, a family) is at least "a reason" for the extortion, it is sufficient to meet the nexus requirement for withholding of removal. *See Barajas-Romero*, 846 F.3d at 360 (Post REAL-ID withholding claims are not governed by the "one central reason" test that applies to asylum claims, but instead require only that a protected ground was "a reason" for persecution, which "is a less demanding standard.").

Therefore, we grant Ayala's petition for review, and remand for the IJ to address whether Ayala has established a reasonable fear based on her extortion-plus claim of persecution.

**CONCLUSION**

We have jurisdiction to review the IJ's negative reasonable fear determination relating to the reinstatement of Ayala's expedited removal order. The BIA's dismissal of Ayala's appeal for lack of jurisdiction was the final order of removal; therefore, Ayala's petition for review is timely because it was filed less than 30 days after that order.

We hold that the IJ abused his discretion in concluding that extortion could not constitute past persecution, and in failing to consider the question of Ayala's family ties. Therefore, we **GRANT** Ayala's petition for review and **REMAND** for proceedings consistent with this opinion.