**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**



NOV 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAYMUNDO GARCIA-GADAY, AKA
Raymundo Marin-Gaday, AKA Raymundo
Marin-Monroe, AKA Hernando Nolasco-
Garcia,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 18-72346

Agency No. A077-229-923

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 4, 2019
Seattle, Washington

Before: GOULD and NGUYEN, Circuit Judges, and R. COLLINS,** District
Judge.

Petitioner Raymundo Garcia-Gaday petitions for review of the Board of

Immigration Appeals' (BIA) denial of his claims for withholding of removal to

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

Mexico under the Immigration and Nationality Act (INA) and for protection under the Convention Against Torture (CAT), as well as the BIA's denial of his motion to remand for the Immigration Judge (IJ) to consider additional evidence. We grant his petition in part as to the CAT claim and remand for the BIA to conduct further proceedings consistent with this decision, and we deny his petition for review on all other grounds.

1. When adjudicating a claim for CAT protection, the IJ and BIA must consider all of the evidence and argument presented. *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011). A failure to do so is legal error, and the agency's decision cannot stand. *Id.* Here, the IJ did not consider potentially probative evidence of government acquiescence to torture by not addressing in its CAT analysis Garcia-Gaday's explicit allegations that police at a casino laughed off his pleas for protection from a cartel he feared, and that the police later tried to put him in their patrol car to turn him over to the cartel. The IJ instead emphasized his testimony elsewhere that Garcia-Gaday generally had "no problems" with the Mexican government, without even mentioning this specific testimony about alleged police disregard of his concerns about the cartel and his alleged attempted kidnapping by the police. Because the IJ found Garcia-Gaday "generally credible," "failing to mention [that] highly probative or potentially dispositive evidence" and "give reasoned consideration to that evidence" was error. *Id.* The

2

BIA could not cure this error by conducting its own factual analysis. *Rodriguez v. Holder*, 683 F.3d 1164, 1172–73 (9th Cir. 2012).

We do not, however, agree with Petitioner that the record *compels* the conclusion that he is more likely than not to be tortured upon returning to Mexico, and so we do not reverse the BIA's decision. Rather, we grant in part Garcia-Gaday's petition for review of the denial of his CAT claim and remand for rehearing of the claim, on an open record.

2.      Garcia-Gaday has not established that the IJ failed to consider whether he was persecuted on account of the "particular social group" of family relationship, a protected category under the INA. *Parada v. Sessions*, 902 F.3d 901, 910 (9th Cir. 2018). In finding that Garcia-Gaday's claimed persecution was "not linked to race, religion, nationality, membership in a particular social group, or political opinion," the IJ made several references to Garcia-Gaday's cousin and the fact that Garcia-Gaday's father and sister remain living unharmed in the same building as Garcia-Gaday did. The record does not support the inference that the IJ completely failed to consider the issue. Furthermore, the IJ's finding was supported by substantial evidence, because there is no indication that Garcia-Gaday was targeted by the cartel on account of anything inherent in his relationship with his cousin, as opposed to on account of something his cousin said or did. For these reasons, we deny the petition for review of the BIA's denial of

withholding of removal under the INA.

**3.** We also deny Garcia-Gaday's petition for review on due process grounds. The IJ asked critical questions to develop Garcia-Gaday's testimony, such as why he believed that the cartel had targeted him, and satisfied its duty to fully develop the record. *Zetino v. Holder*, 622 F.3d 1007, 1014–15 (9th Cir. 2010). There was no fundamental unfairness amounting to a due process violation. *Id.*

**4.** We deny Garcia-Gaday's petition for review of the BIA's denial of his motion to remand to consider additional evidence. Such a motion "may be granted only upon a proffer of new evidence that is material and was not available and could not have been discovered or presented at the former hearing." *Ayala v. Sessions*, 855 F.3d 1012, 1020 (9th Cir. 2017) (internal quotation marks and citation omitted). The BIA did not abuse its discretion by denying the motion to remand where the additional evidence at issue predated the initial hearing and where Garcia-Gaday did not detail what efforts, if any, he took to obtain the documents. Nor, in his original motion to the BIA, did he present his current justification that he lacked internet access while detained, or otherwise provide concrete support for his inability to obtain the documents earlier. It is also not clear that this additional evidence differed materially from Garcia-Gaday's own testimony, which was found credible. *See Najmabadi v. Holder*, 597 F.3d 983, 987

(9th Cir. 2010) (new evidence "must be 'qualitatively different' from the evidence presented at the previous hearing").  Garcia-Gaday has not established that the BIA abused its discretion.

***

For the foregoing reasons, we **GRANT IN PART** the petition for review as to the CAT claim and **REMAND**, and **DENY** the petition for review on all other grounds.

Each party shall bear its own costs.