**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRIMITIVO CANO-JIMENEZ, | No. 19-70075 |
| Petitioner, | Agency No. A077-439-795 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2020**
Seattle, Washington

Before: GRABER and W. FLETCHER, Circuit Judges, and FREUDENTHAL,***
District Judge.

Primitivo Cano-Jimenez petitions for review of an Immigration Judge's

("IJ") determination that he has not established a reasonable fear of persecution

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Nancy D. Freudenthal, United States District Judge for
the District of Wyoming, sitting by designation.

and so is ineligible for withholding of removal and relief under the Convention Against Torture ("CAT"). Our jurisdiction under 8 U.S.C. § 1252 extends to "petitions for review of reasonable fear determinations made in connection with the reinstatement of expedited removal orders." *Ayala v. Sessions*, 855 F.3d 1012, 1018 (9th Cir. 2017). We deny the petition.

Cano-Jimenez, a citizen of Mexico, was initially removed from the United States through expedited procedures in 1999. Later that year, he reentered the United States where he remained until the Department of Homeland Security took him into custody in 2018. At that time, his expedited removal order was reinstated. During removal proceedings, Cano-Jimenez expressed a fear of returning to Mexico and was referred to an asylum officer. The asylum officer determined that Cano-Jimenez did not have a reasonable fear of returning to Mexico.

The crux of his claims involves one of his children—a dual U.S. and Mexican citizen—who is severely disabled. Cano-Jimenez fears that his disabled son would be discriminated against or institutionalized if his family returned to Mexico with him. He says that mistreatment of his son would amount to his own persecution because "[w]hatever [his] son goes through, [he] will suffer what is happening." Evidence in the record indicates that in Mexico some institutions mistreat disabled patients. On review to the IJ, Cano-Jimenez identified three

potential particular social groups ("PSGs") in support of his withholding of removal claim, all of which were variations of "parents or family of disabled Mexican citizens." The IJ upheld the asylum officer's negative fear determination.

Substantial evidence supports the IJ's determination that Cano-Jimenez will not face persecution or torture upon returning to Mexico. The IJ found that he failed to prove a nexus between harm and a protected ground because, even if the purported PSGs are cognizable, the evidence did not show that Cano-Jimenez would be harmed. Instead, his claim was premised on the potential persecution of his disabled son. This circuit has not recognized imputing potential persecution facing a U.S. citizen child to his or her parent. *See Abebe v. Gonzales*, 432 F.3d 1037, 1043 (9th Cir. 2005) (en banc) (declining to reach the issue "of whether Petitioners, parents of a U.S. citizen child likely to face persecution in her parents' native country, may derivatively qualify for asylum"); *Azanor v. Ashcroft*, 364 F.3d 1013, 1021 (9th Cir. 2004) (declining to decide "whether an alien may assert a derivative torture claim on behalf of her [U.S.] citizen children").

Without this theory, all that remains of Cano-Jimenez's claims is a general fear of violence in Mexico and a concern that he may be ridiculed because of his relationship to his disabled son. Neither theory supports the requested relief.

Accordingly, the IJ's determination that Cano-Jimenez would not be subject to persecution or torture upon return to Mexico is supported by substantial evidence.

**PETITION DENIED.**