**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHNNY GARCIA-LOPEZ, AKA Rudy Garcia-Lopez, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.    19-71251 <br><br> Agency No. A088-915-392 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2020**
Pasadena, California

Before: HURWITZ, BRESS, and BUMATAY, Circuit Judges.

Johnny Garcia-Lopez, a native of Guatemala, petitions for review of the

denial of his application for withholding of removal and protection under the

Convention Against Torture (CAT).  We review factual findings under the

substantial evidence standard, and such findings "are conclusive unless any

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). Constitutional and legal challenges are reviewed de novo. *Arbid v. Holder*, 700 F.3d 379, 385 n.3 (9th Cir. 2012). We deny Garcia-Lopez's petition.

1.      Substantial evidence supports the Board of Immigration Appeals' (BIA) conclusion that Garcia-Lopez was targeted for extortion for monetary reasons, not a protected characteristic. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (finding no nexus to protected ground where persecution was based on "economic and personal reasons"). Garcia-Lopez's own testimony confirms that the reason he was pulled over and extorted was because the officers thought he had money.

Garcia-Lopez argues that the BIA and immigration judge ("IJ") should have considered his case under the "extortion plus" scenario articulated in *Ayala v. Sessions*, 855 F.3d 1012, 1021 (9th Cir. 2017) (describing "extortion plus" claims as those in which aliens claim extortion based "partly for economic reasons" and "partly" "on the basis of a protected characteristic") (citing *Borja v. INS*, 175 F.3d 732, 736 (9th Cir. 1999)). But, the IJ did so and concluded Garcia-Lopez failed to make such a claim. The BIA upheld that determination. Substantial evidence supports this determination. As discussed, Garcia-Lopez stated that the police officers targeted him "just for the money." While Garcia-Lopez believed the

2

officers imputed wealth to him because of his U.S.-citizen wife, he did not tie his persecution to who his wife was or his relationship to her. *Cf. Ayala*, 855 F.3d at 1020–21 ("extortion plus" claim based on family's ownership of hotels).

2.  Substantial evidence also supports the determination that Garcia-Lopez's CAT claim was speculative. Garcia-Lopez was extorted a few times during 2012 and 2013. His parents and siblings have remained in Guatemala without incident. He also did not know whether the two officers primarily responsible for his extortion were still on the force, whether they would still target him many years later, or whether he would be able to avoid those officers by moving to a different part of Guatemala. There was also evidence that Guatemala has made efforts to control corruption by police officers.[1]

3.  Garcia-Lopez also argues that he was deprived of a "full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). He contends he was deprived of due process in three ways: (1) the IJ failed to explain the requirements of particular social groups or to inquire into relevant facts that would have shown

---

[1] Garcia argues that efforts undertaken by the national government does not necessarily negate the government acquiescence element when the torture is committed by local officials. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1186 (9th Cir. 2020) (finding government acquiescence despite evidence of national government's efforts to protect the persecuted group). But the IJ and BIA relied on the country conditions evidence to support their finding on the likelihood of torture element, not government acquiescence.

he qualified for a family-based group; (2) the IJ failed to continue the hearing so he could obtain evidence to support his claim; and (3) Garcia-Lopez was provided with an English-language I-589 that was not explained to him or reviewed with a translator. None is persuasive.

First, IJs only have a duty to explain the possible relief available to a petitioner. *See* 8 C.F.R. § 1240.11(c)(1)(i) (the IJ must advise the alien "that he or she may apply for asylum . . . or withholding of removal"); *United States v. Lopez-Velasquez*, 629 F.3d 894, 895 (9th Cir. 2010) (en banc) (holding that, subject to exceptions not relevant here, "an IJ's duty is limited to informing an alien of a reasonable possibility that the alien is eligible for relief at the time of the hearing"). Garcia-Lopez also cannot establish prejudice from any alleged error because he fails to point to any new arguments or evidence he would have relied on had the IJ probed his family-based claim further. *See Colmenar*, 210 F.3d at 971 (petitioner must show prejudice from due process violations).

Second, the IJ did not abuse his discretion in denying Garcia-Lopez's continuance requests. *See Baires v. INS*, 856 F.2d 89, 91 (9th Cir. 1988). Garcia was granted multiple continuances before the IJ denied further requests. Without more, that the IJ did not give Garcia-Lopez as much time as he would have liked does not constitute an abuse of discretion. This is particularly true given that

4

Garcia-Lopez admitted that none of the evidence he was waiting for was specific to him, nor did it show that he was persecuted because of a protected characteristic.

Finally, Garcia-Lopez was not entitled to a Spanish-language version of his I-589 or to have an interpreter help him fill it out. Garcia-Lopez does not identify what prejudice resulted from him not receiving an I-589 in Spanish or the assistance of an interpreter. He points to the fact that he mistakenly checked "no" in response to the question about whether he had ever been threatened in Guatemala. But the IJ did not hold this against him and clearly credited his testimony that he was threatened by the police.

Accordingly, Garcia's petition is **DENIED** and his motion to stay removal is **DENIED AS MOOT.**