**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 29 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE ALFONSO SALINAS ARREOLA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-72542

Agency No. A205-024-312

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2020[**]
San Francisco, California

Before: HAWKINS, N.R. SMITH, and R. NELSON, Circuit Judges.

Petitioner Jose Alfonso Salinas Arreola, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("Board") order

affirming and adopting an immigration judge's (IJ) order denying his applications

for withholding of removal and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). Because the BIA reviewed the IJ's factual findings for clear error, we review "the reasons explicitly identified by the BIA, and then examine[s] the reasoning articulated in the IJ's oral decision in support of those reasons." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). For the reasons that follow, we deny the petition.

Substantial evidence supports the agency's determination that Salinas Arreola did not establish past persecution necessary for withholding of removal. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) ("An applicant alleging past persecution has the burden of establishing that (1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control."). Salinas Arreola contends that he suffered past persecution in the form of violence and extortion by gangs, citing *Ayala v. Sessions*, 855 F.3d 1012 (9th Cir. 2017). While extortion and violence may rise to the level of persecution, Salinas Arreola failed to establish that the actions taken against him were on account of a protected ground of membership in a particular social group, 8 U.S.C. § 1231(b)(3)(A); *see also id*. § 1231(b)(3)(C). Notably, the acts of past persecution he alleges are

2

unrelated to his proposed social groups, both of which are forward-looking to his return to Mexico.

Substantial evidence also supports the agency's determination that Salinas Arreola did not establish a well-founded fear of future persecution necessary for withholding of removal. *See Wakkary v. Holder*, 558 F.3d 1049, 1053 (9th Cir. 2009). Salinas Arreola does not provide a nexus between his alleged persecution and the particular social groups he proposes. Salinas Arreola's future persecution contentions are indistinguishable from the type of random criminal acts we have repeatedly rejected as having no nexus to a protected ground. *See generally Ochoa v. Gonzales*, 406 F.3d 1166, 1170–72 (9th Cir. 2005), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc); *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004). Because Salinas Arreola cannot demonstrate that he would be targeted for persecution on the basis of a protected ground, his claim for withholding of removal fails.[1]

Similarly, we find substantial evidence supports the agency's determination that Salinas Arreola failed to establish a claim for protection under the CAT. To obtain CAT relief, he must show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if he is returned to Mexico.

---

[1]    Because Salinas Arreola failed to establish a nexus to a protected ground, we need not address whether Salinas Arreola's proposed social groups are cognizable.

3

*See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). Salinas Arreola's allegations of generalized gang violence do not establish that he will be tortured by gangs "at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity" if he is returned to Mexico. *Id. See also Delgado-Ortiz*, 600 F.3d at 1152.

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket No. 1) is otherwise denied.

**PETITION FOR REVIEW DENIED.**