FILED

NOV 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

JESUS MONTERO-CABRERA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

</td><td>

No.    19-72306

Agency No. A205-415-993

MEMORANDUM[*]

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 19, 2020
San Francisco, California

Before:  THOMAS, Chief Judge, and KELLY[**] and MILLER, Circuit Judges.

Jesus Montero-Cabrera petitions for review of the Board of Immigration

Appeal's ("BIA") decision affirming the immigration judge's ("IJ") denial of

Petitioner's application for withholding of removal and protection under the

Convention Against Torture ("CAT").  We have jurisdiction pursuant to 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the
U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

§ 1252(a)(1), and we grant the petition in part and deny it in part. Because the parties are familiar with the history of the case, we need not recount it here.

I

The BIA erred in its legal analysis of Petitioner's claim of past persecution, which we review de novo. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017). The BIA assumed that the Petitioner had testified credibly. Because the BIA assumed credibility, we must as well, and "assume [that his] factual assertions are true." *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894 (9th Cir. 2018); *see also Hanna v. Keisler*, 506 F.3d 933, 937 (9th Cir. 2007).

Here, the Petitioner testified that he was kidnapped by the Sinaloa Cartel and was locked in a room for three days. He was then conscripted into forced labor for the cartel for months, carrying supplies to its members across the border. He testified that he wanted to escape, but could not. He was not paid by the cartel and was deprived from earning income. He witnessed the cartel commit acts of violence. He was discovered by border agents several times and removed to Mexico, but the cartel was waiting for him. Eventually, he was able to escape the cartel on a trip to the United States. He traveled to Chandler, Arizona, where he learned that the cartel had ordered his assassination. He further learned that his

uncle had received a message that the cartel was holding Petitioner's brother, and that the brother would be tortured until Montero-Cabrera returned.

First, the BIA held that threats against the Petitioner did not constitute persecution "as a matter of law," in part because threats, "standing alone," rarely constitute persecution. That assertion is belied both by the record, which indicates that the threats did not "stand alone," and by our legal precedent. "[D]eath threats alone can constitute persecution." *Navas v. INS*, 217 F.3d 646, 658 (9th Cir. 2000); *see also Artiga Turcios v. INS*, 829 F.2d 720, 722–24 (9th Cir. 1987) (holding petitioner established past persecution where neighbor relayed to him that men had been looking for him and "warned him to leave because he might be killed"). Even non-death threats can constitute persecution. *See Ayala v. Sessions*, 855 F.3d 1012, 1021 (9th Cir. 2017) (holding that threats and extortion could constitute persecution).

The BIA further erred as matter of law by failing to adequately address Petitioner's evidence on a number of issues that may have shown persecution. In response to Petitioner's testimony that he had been forcibly recruited into a cartel, the BIA said only that "separation from his family while he worked for the cartel" did not constitute persecution. But forced recruitment into non-governmental armed groups can constitute persecution. *Arteaga v. INS*, 836 F.2d 1227, 1232 (9th

3

Cir. 1988) ("Forced recruitment by a revolutionary army is *tantamount to kidnapping*, and is therefore persecution.") (emphasis added), *abrogated on other grounds by INS v. Elias-Zacarias*, 502 U.S. 478 (1992). The BIA did not address kidnapping or detention whatsoever, even though case law likewise clearly states that those can constitute persecution. *See, e.g.*, *Rios v. Ashcroft*, 287 F.3d 895, 902–03 (9th Cir. 2002) (kidnapping, among other incidents); *Ndom v. Ashcroft*, 384 F.3d 743, 752 (9th Cir. 2004) (detention).

The BIA also ignored Petitioner's testimony that he was uncompensated by the cartel for his work and was unable to leave. Economic harm may be sufficient to establish persecution. *Baballah v. Ashcroft*, 367 F.3d 1067, 1075 (9th Cir. 2004).

The BIA further erred in not considering the Petitioner's witnessing of the beating and abduction of another individual while he was being held by the cartel. *See Khup*, 376 F.3d at 904 (noting that a beating, killing, and public display of the petitioner's colleague could be considered in an analysis of past persecution). In addition, the BIA failed to consider that Petitioner was informed that his brother was being held and tortured by the cartel, pending Petitioner's return to Mexico. *See Sumolang v. Holder*, 723 F.3d 1080, 1083–84 (9th Cir. 2013) (past persecution can be based on harm to family members).

Most importantly, the BIA erred in failing to analyze the totality of the evidence of past persecution. When evaluating past persecution, we must consider the "cumulative effect of all the incidents a petitioner has suffered" and ask whether "the treatment [he] received rises to the level of persecution." *Korablina v. INS*, 158 F.3d 1038, 1043–44 (9th Cir. 1998); *see also Baballah*, 367 F.3d at 1076 ("An applicant may suffer persecution because of the cumulative impact of several incidents even where no single incident would constitute persecution on its own."). The Petitioner has tendered evidence of kidnapping, forced recruitment tantamount to kidnapping, witnessing beatings, economic deprivation, a death threat, and a family member's torture. The BIA erred in not analyzing whether these events, credited as true by the BIA, collectively constituted past persecution.

Given the legal errors in the BIA's analysis of past persecution, we must grant the petition as to the withholding claim and remand for the BIA to reconsider its decision in light of the correct legal standards, applied to the record evidence. *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006) (stating remedy).

II

Substantial evidence supports the BIA's decision denying relief under CAT. *See, e.g.*, *Lopez v. Sessions*, 901 F.3d 1071, 1074 (9th Cir. 2018) (reviewing factual

findings of CAT claim under substantial evidence standard). The BIA acknowledged pervasive violence and crime in Mexico, but had substantial evidence to support its conclusion that Petitioner did not establish the requisite likelihood that he would be subjected to torture with the consent or acquiescence of a public official upon return to Mexico.

We lack jurisdiction over Petitioner's argument that the IJ applied the incorrect legal standard to the CAT claim because he did not exhaust that claim in his appeal to the BIA. *Cf. Figueroa v. Mukasey*, 543 F.3d 487, 491–93 (9th Cir. 2008). However, we note that the BIA employed the correct standard in analyzing the claim, making that claimed error harmless in any event.

### III

In sum, we grant the petition as to the withholding claim and remand to the BIA for reconsideration of the claim. We deny the petition in part, and dismiss the petition in part, as to the CAT claim. We need not, and do not, reach any other issue, nor do we prejudge the outcome of the BIA's re-examination or decision on remand.

**PETITION GRANTED IN PART; DENIED IN PART; DISMISSED IN PART; REMANDED.**