NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YAJAIRA LISBETH CISNEROS-
CHACON; IVANIA NICOLE CISNEROS-
CHACON,

Petitioners,

v.

ROBERT M. WILKINSON, Acting
Attorney General,

Respondent.

No.   19-72776

Agency Nos.   A208-376-509
A208-376-510

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2021**
Phoenix, Arizona

Before:  HAWKINS and BUMATAY, Circuit Judges, and CARDONE,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

Petitioners, a mother and daughter who are natives and citizens of El Salvador, petition for review of the denial by the Board of Immigration Appeals ("BIA") of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We uphold the denial of asylum, withholding of removal, and CAT protection unless the record "compels a contrary conclusion." *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007). Applying that standard, we deny the petition.

1. Substantial evidence supports the BIA's conclusion that Petitioner failed to establish a nexus between past or future harm and a protected ground. On remand from this Court on the government's unopposed motion, the BIA clarified its application of the "one central reason" standard to asylum and "a reason" standard to withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 356–60 (9th Cir. 2017). The BIA upheld the Immigration Judge's ("IJ") determination that the gang members who attempted to extort Petitioner were not motivated by her imputed membership in the Alvarez-Escobar nuclear family, the family of her former boyfriend, who is also the father of her child.[2] While "economic extortion

---

[1] Because the daughter's application derives from her mother's, we refer only to the mother below.

[2] The IJ assumed without deciding that the particular social group asserted by the Petitioner was cognizable. Because the BIA affirmed the IJ's nexus finding, it declined to address whether "imputed membership in the Alvarez-Escobar nuclear family" was a cognizable particular social group in light of the Attorney General's

2

on the basis of a protected characteristic can constitute persecution," *Ayala v. Sessions*, 855 F.3d 1012, 1020 (9th Cir. 2017), substantial evidence supports the conclusion that the extortion in this case was unrelated to a protected ground.

Critical to the BIA's decision was the absence of any threats or harm to the parents of Petitioner's former boyfriend. Not only did Petitioner and her child live with the parents during the relevant period, but gang members also visited and called the home to make contact with Petitioner. And yet, as the Petitioner testified and the IJ found, "the gang consistently left [the Alvarez-Escobar] parents in peace." In light of this evidence, the gang members' references to Petitioner's former boyfriend when seeking money and sexual services from her do not compel the conclusion that her imputed membership in the broader Alvarez-Escobar family was "one central reason" or "a reason" motivating her tormentors.

2. Substantial evidence supports the denial of CAT relief because Petitioner failed to establish that it is "more likely than not that a government official or person acting in an official capacity would torture [the Petitioner] or aid or acquiesce in [her] torture by others." *See Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009) (internal quotation marks omitted). Although the BIA "recognize[d] the generalized evidence of crime, violence, and government corruption in El Salvador,"

---

decision in *Matter of L-E-A-*, 27 I&N Dec. 581, 589 (A.G. 2019) (holding that because "most nuclear families are not inherently socially distinct," a nuclear family ordinarily does not qualify as a particular social group).

3

it affirmed the IJ's finding that the Salvadoran government would not acquiesce to gang violence against Petitioner. The record does not compel a contrary conclusion.

**PETITION FOR REVIEW DENIED.**