NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENJAMIN FLORES SALDANA, AKA Benjamin Lopez, | No. 20-71472 |
| Petitioner, | Agency No. A095-764-164 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2022**
San Francisco, California

Before: BYBEE, CALLAHAN, and COLLINS, Circuit Judges.

Petitioner Benjamin Flores Saldana is a citizen of Mexico. Flores Saldana

appeals the denial of a motion to reconsider relating to his application for

immigration relief. We deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Flores Saldana unlawfully came to the United States in 1993 as a ten-year-old child. In 2007, Flores Saldana returned to Mexico and began trying to secure legal status to reside in the United States. In 2014, Flores Saldana and his family attempted to reenter the United States. Flores Saldana was taken into custody and served with a Notice to Appear.

After he was released on bond and his hearing date was continued several times, Flores Saldana failed to appear at a hearing in October 2015, leading the immigration judge ("IJ") to issue an order removing him in absentia. Flores Saldana filed a motion to rescind that order, which was granted, and a new hearing date was set.

The hearing was eventually held in December 2017. There, the IJ told Flores Saldana that "all [immigration] relief applications and documents in support" were due by March 2, 2018. The IJ warned Flores Saldana that "failure to timely file the aforementioned documents will result in the conclusion that such applications are abandoned."

Despite these warnings, Flores Saldana did not submit any applications for immigration relief or protection from removal by the March 2018 deadline. A few days after the deadline, the IJ found that any applications for relief were abandoned, canceled Flores Saldana's future immigration merits hearing, and ordered Flores Saldana's removal.

Flores Saldana did not appeal this removal order. Instead, in April 2018, he filed a motion to reopen. Flores Saldana acknowledged his failure to meet deadlines. But he argued that (1) he had recently married a U.S. citizen and he was seeking an adjustment of status; and (2) his attorney had health issues that had prevented him from completing the application. The IJ concluded that the motion was not adequately supported by documentary evidence. The IJ also noted that Flores Saldana had been expressly warned about the consequences of failing to file his applications on time. The IJ observed that Flores Saldana's attorney "repeatedly rendered ineffective assistance of counsel throughout [the] removal proceedings," but found that Flores Saldana had not satisfied the requirements for bringing an ineffective assistance of counsel claim. The IJ denied the motion to reopen.

Flores Saldana did not appeal this denial of his motion to reopen. Instead, he filed a two-page motion to reconsider seeking to submit medical records relating to his attorney's health issues. The IJ denied this motion and the Board upheld the denial on appeal.

Flores Saldana timely appealed the BIA's decision on his motion to reconsider to this court. He now argues that (1) the IJ erred by finding any applications abandoned; (2) the BIA erred by concluding that the murder of Flores Saldana's father-in-law in Mexico did not constitute past persecution; and (3) the

3

BIA and IJ erred in determining that Flores Saldana had not established prima facie eligibility for asylum relief. The government responds by noting that Flores Saldana did not appeal the IJ's removal order or the motion to reopen and that Flores Saldana has failed to satisfy the demanding standard applicable to appellate review of a motion to reconsider.

"A motion to reconsider addresses whether an IJ made errors of law or fact . . . ." *Ayala v. Sessions*, 855 F.3d 1012, 1020 (9th Cir. 2017). The motion must "specify [those] errors of law or fact in the previous order and . . . be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C).

Here, Flores Saldana's counsel did not satisfy this standard in either his motion to reconsider or his opening brief in this court. His motion to reconsider is only two pages long and focuses on Flores Saldana's counsel's poor health. Though his opening brief is longer, it focuses on the general right to file for asylum and the merits of Flores Saldana's own request for immigration relief, rather than the standard applicable to motions to reconsider. Like the motion to reconsider, Flores Saldana's brief also neglects to identify any specific errors of law or fact purportedly made by the IJ.

The petition is DENIED.