NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAMARIS GABRIELA GUIFARRO-ACEITUNO, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-72976 <br><br> Agency No. A206-475-687 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2024**
San Francisco, California

Before: GOULD, SUNG, and DE ALBA, Circuit Judges.

Damaris Gabriela Guifarro-Aceituno, a native and citizen of Honduras

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

denying her motions to reopen removal proceedings and to reconsider the BIA's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

prior decision dismissing her appeal of an Immigration Judge's ("IJ") denial of a previous motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we review the BIA's denial of the motions for abuse of discretion. *See Meza-Vallejos v. Holder*, 669 F.3d 920, 923 (9th Cir. 2012); *Ayala v. Sessions*, 855 F.3d 1012, 1020 (9th Cir. 2017).

1. Guifarro-Aceituno was ordered removed in absentia on May 28, 2014, after she failed to appear in removal proceedings. She moved to reopen the proceedings on May 27, 2016, arguing that she did not receive notice of her hearing. An IJ denied the motion, and the BIA dismissed Guifarro-Aceituno's appeal of the denial on January 5, 2017. Guifarro-Aceituno petitioned for this court's review of the BIA's dismissal, and a prior panel denied her petition in part and dismissed it in part. Guifarro-Aceituno subsequently filed two motions to "reopen/reconsider" with the BIA. The BIA denied the motions as untimely and further concluded that Guifarro-Aceituno had not established that her proceedings should be reopened. Guifarro-Aceituno's petition for review of the BIA's denial of her motions is now before us, and we deny the petition.

2. The BIA properly dismissed Guifarro-Aceituno's motions as untimely. In general, a motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). A motion to reconsider must be filed within 30 days of entry of the final order.

*Id*. § 1229a(c)(6)(B). The order became final when the BIA affirmed the IJ's in absentia removal order on January 5, 2017. *See id*. § 1101(a)(47)(B). Guifarro-Aceituno filed her motions to "reopen/reconsider" on December 22, 2018 and April 18, 2019, after the 30-day and 90-day deadlines. Her motions were therefore untimely.

3. The BIA did not abuse its discretion in concluding that Guifarro-Aceituno failed to demonstrate that her proceedings should be reopened based on changed country conditions. In her opening brief, Guifarro-Aceituno indicates that she seeks to reopen her proceedings based on "changed conditions in Honduras" that make her "newly eligible" for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). "There is no time limit on the filing of a motion to reopen if the basis of the motion is to apply for [asylum or withholding of removal] and is based on changed country conditions arising in the country of nationality . . . ." 8 U.S.C. § 1229a(c)(7)(C)(ii). However, as the BIA concluded, Guifarro-Aceituno has not applied for asylum, withholding of removal, or CAT protection, and her motions do not explain "how [the] new information of conditions in Honduras" attached to her motions "might bear upon any such claim." The BIA therefore did not abuse its discretion in denying her motions to reopen.

**PETITION DENIED.**