**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE V. JUAREZ MORALES, | No.   19-71441 |
| Petitioner, | Agency No. A202-064-171 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2021[**]
San Francisco, California

Before: RAWLINSON and BUMATAY, Circuit Judges, and S. MURPHY,[***]
District Judge.

Jose Juarez Morales, a Guatemalan native, petitions for review of the denial

of his claims for asylum, withholding of removal, and protection under the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Stephen J. Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Convention Against Torture ("CAT"). We deny the petition.

1. As a threshold matter, Juarez Morales argues that the immigration judge ("IJ") did not have jurisdiction over his case because his Notice to Appear failed to specify a date and time for his removal hearing. But recent precedent forecloses this argument. In *United States v. Bastide-Hernandez*, we held that "the jurisdiction of the immigration court vests upon the filing of an NTA, even one that does not at that time inform the alien of the time, date, and location of the hearing." No. 19-30006, 2021 WL 345581, at *2 (9th Cir. Feb. 2, 2021). Accordingly, the immigration court had jurisdiction over Juarez Morales's removal proceedings.

2. Substantial evidence supports the BIA's determination that Juarez Morales has not established the requisite nexus between the persecution suffered and a protected ground like "nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017) (explaining that the protected ground must be "a reason" for the persecution).

Although Juarez Morales testified that his partner ran for an "assessor" position as part of the Unionist party, he also admitted that neither of them have been harmed or threatened because of this. Indeed, none of the extortion calls included a reference to his partner's political involvement. And Juarez Morales himself admitted that these calls could have occurred for any reason. Finally, Juarez Morales

admitted in his credible fear interview that he did not think the extortion was related to his wife's politics.[1] "An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *see also Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (upholding no-nexus finding where there was "no evidence that the perpetrators victimized him on account of his race as opposed to their observation" that he could be targeted for theft).

Contrary to Juarez Morales's arguments, *Ayala v. Sessions*, 855 F.3d 1012, 1015 (9th Cir. 2017), is irrelevant here. In *Ayala*, we recognized the possibility of "extortion plus" as a colorable argument for being targeted for extortion "on the basis of a protected characteristic." *Id.* Here, Juarez Morales offers no evidence that a protected ground was a reason for his extortion. Indeed, Juarez Morales states in a declaration that the type of extortion he experienced is common in Guatemala, which suggests that he was not targeted at all—let alone on account of

---

[1] Juarez Morales did testify that on the first call the extortionists mentioned that they knew his partner was involved in politics. But this says little about whether the partner's politics *motivated* them. Indeed, they mentioned Juarez Morales's work and where his children studied. But in any event, this one reference to his partner's politics is insufficient to compel us to reach a result contrary to the BIA's. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992) (reversal is warranted only where "the evidence [a petitioner] presented was so compelling that no reasonable factfinder could fail to find the requisite [element]").

3

a protected ground.

Nor do we find merit to Juarez Morales's claim that the BIA erroneously rejected his proposed social group of "persons who have been extorted by unknown parties in Guatemala." Although Juarez Morales suggests that the BIA denied his proposed group by relying on *Matter of A-B* without making an individualized determination, the record belies that assertion. The IJ specifically considered and rejected his proposed group, and the BIA incorporated that part of the IJ's order in its own. And the BIA did not err in doing so because "a particular social group must exist *independently* of the harm asserted[.]" *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1080 (9th Cir. 2020) (emphasis added) (citing *Matter of A-B*, 27 I. & N. Dec. 316, 316 (2018)).

3.    Substantial evidence supports the BIA's determination that Juarez Morales has not established a likelihood of torture "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (simplified). Juarez Morales argues that the Guatemalan police will not protect him or his family from the extortionists. He believes this because in 2005 he was arrested and was allegedly bruised in the process. But he offers no explanation for *why* he was arrested, or how this (potentially legitimate arrest) from over 10 years prior would render the police unavailable to him. Next, Juarez Morales argues that

the government would acquiesce in potential torture by his extortionists. But Juarez Morales never even reported the extortion attempts to the police. *See id.* at 1034 ("[T]here must be evidence that the police are unable or unwilling to oppose the crime."). And his generalized country-conditions evidence showing corruption in Guatemala is insufficient to compel the conclusion that the government would acquiesce in his torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("generalized evidence of violence and crime" in country of removal is "insufficient").

**PETITION DENIED.**