**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER JIMENEZ ESPINO, | No. 19-72458 |
| Petitioner, | Agency No. A200-882-894 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of a Final Order of the
Department of Homeland Security

Submitted June 10, 2021**
Seattle, Washington

Before: GILMAN,*** GOULD, and MILLER, Circuit Judges.

Javier Jimenez Espino ("Jimenez"), a native and citizen of Mexico, first

entered the United States without permission in 2001. Jimenez was convicted for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

driving under the influence in 2007 and 2011. Following his 2011 conviction, Jimenez was granted voluntary departure to Mexico. Jimenez tried to unlawfully re-enter the United States and, in September 2011, he returned to Mexico under an expedited removal order. Again, in October 2011, Jimenez tried to enter the United States and was removed under an expedited removal order. Following this removal, Jimenez once again entered the United States, and was taken into custody by Immigration and Customs Enforcement officers in August 2019 in Washington. DHS charged that Jimenez was subject to reinstatement of his October 2011 removal order. 8 U.S.C. § 1231(a)(5). This time, Jimenez said he feared returning to Mexico, and so he was interviewed by an asylum officer to determine if his fear was reasonable. 8 C.F.R. § 208.31(b). After the interview, the asylum officer concluded that Jimenez had not established a reasonable fear of persecution or torture in Mexico.

Jimenez next asked for review by an immigration judge ("IJ"). The IJ, after a hearing, denied Jimenez's appeal, and this appeal followed. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition. *Ayala v. Sessions*, 855 F.3d 1012, 1017–18 (9th Cir. 2017).

We review an IJ's determination that an alien did not demonstrate a reasonable fear of persecution or torture for substantial evidence. *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018). To reverse the IJ's negative reasonable fear

determination, we must determine that any reasonable adjudicator would be compelled by the evidence to conclude to the contrary. *Id.* "We review *de novo* due process challenges to reasonable fear proceedings." *Zuniga v. Barr*, 946 F.3d 464, 466 (9th Cir. 2019) (per curiam).

For the following reasons, Jimenez's petition is denied.

First, substantial evidence supports the IJ's determination that Jimenez did not establish a reasonable fear of persecution or torture. The record does not compel the conclusion that Jimenez's fear was reasonable. Jimenez only speculated about the possibility that Santiago Villalba Mederos (aka "Pucho") would harm him. *Bartolome*, 904 F.3d at 814 ("Speculation on what could occur is not enough to establish a reasonable fear."). Jimenez also did not provide a reason to conclude that Pucho's animus towards him was due to a protected ground rather than just for personal retribution. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Similarly, substantial evidence supports the IJ's determination that Jimenez did not establish a reasonable possibility of state action sufficient to warrant protection under the Convention Against Torture. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034–35 (9th Cir. 2014).

Second, the IJ properly exercised his discretion in denying Jimenez's motion for a continuance of the hearing, and the IJ did not violate due process in suggesting he lacked authority to grant a continuance. Jimenez received a full and fair opportunity to present his claim that he feared Pucho, and he gave no explanation for why "talk[ing] to the officers involved with the FBI" would support his reasonable fear showing, and thus justify a continuance. The IJ was not required to allow Jimenez to present new evidence during the review of the negative reasonable fear determination. *See Bartolome*, 904 F.3d at 813.

Jimenez next argues that the IJ "erred in finding that he had no authority to grant a brief continuance." Although the IJ did say that he lacked authority to grant a continuance, he nevertheless considered Jimenez's request on the merits. Thus, although an IJ abuses his discretion by denying a discretionary motion under the erroneous belief that he lacks authority to grant it, *Bartolome*, 904 F.3d at 815, any error was harmless. In particular, the IJ stated that he was not going to give an extension of time for a hearing because he believed the circumstances did not merit it, and the IJ expressly noted that "it's already been continued once where we're kind of outside of our guidelines already to get this done." The IJ also noted that "the issue in this case is not a lack of evidence." In sum, Jimenez makes no showing that the IJ's denial of his request for a continuance was fundamentally unfair or prejudiced him in any way.

4

**PETITION FOR REVIEW DENIED.**