NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HEBER CHAVEZ-LARA, | No. 16-71237 |
| Petitioner, | Agency No. A075-477-647 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 25, 2022[**]
San Francisco, California

Before: GRABER and WARDLAW, Circuit Judges, and BAKER,[***] International Trade Judge.

Petitioner Heber Chavez-Lara timely seeks review of the Board of

Immigration Appeals' ("BIA") denial of his 2016 motion to reopen proceedings.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

Petitioner was ordered removed in 1997 but sought reopening in order to apply for asylum and other forms of relief from removal. Reviewing the BIA's denial for abuse of discretion, Nababan v. Garland, 18 F.4th 1090, 1094 (9th Cir. 2021), we grant the petition and remand for further proceedings.

A petitioner generally must file a motion to reopen within 90 days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). But that time limit does not apply if the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." Id. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii) (similar wording).

Petitioner sufficiently alleged membership in the particular social group of his family to put the BIA "on notice" of the claim. Bare v. Barr, 975 F.3d 952, 960 (9th Cir. 2020). In his asylum application, Petitioner asserted fear due to his membership in a particular social group. He then immediately described the harm to his family that occurred after his original removal hearing and his resulting fear, which arises from his membership in the family. For example, extortionists have threatened to kill him because of his relationship with his parents and because of his parents' refusal to pay. Additionally, when Petitioner's aunt and uncle refused to pay extortionists, the extortionists killed Petitioner's cousin. Petitioner

2

corroborated his application with his own affidavit and with letters from his aunt, cousin, mother, and father.

The harm to the family occurred <u>after</u> Petitioner's original removal hearing and thus, at that time, was unavailable and could not have been discovered. The evidence is relevant to a claim of persecution on account of family membership. Accordingly, if Petitioner has shown prima facie eligibility for relief, then he is entitled to reopening. <u>See</u> <u>Hernandez-Ortiz v. Garland</u>, 32 F.4th 794, 804 (9th Cir. 2022) (describing the requirements for reopening due to changed country conditions).

The BIA legally erred by failing to consider whether Petitioner established prima facie eligibility for relief due to his membership in the particular social group of his family. <u>See, e.g.</u>, <u>Rios v. Lynch</u>, 807 F.3d 1123, 1126 (9th Cir. 2015) (holding that the petitioner had sufficiently raised the issue of his family as a particular social group to the BIA and that "[t]he BIA did not address this social group claim—a failure that constitutes error and requires remand"). Petitioner's evidence arguably suggests that his fear arises from membership in the family. <u>See</u> <u>Ayala v. Sessions</u>, 855 F.3d 1012, 1021 (9th Cir. 2017) (holding that a petitioner who faced extortion for both economic reasons and because of membership in a family had established that membership in the family was "a reason" for the persecution); <u>see also</u> <u>Kaur v. Garland</u>, 2 F.4th 823, 834–35 (9th Cir. 2021)

3

(holding that the feared harm was due to membership in the family and not merely a personal vendetta where the petitioner was accused of causing her husband's death). Yet the BIA did not consider his membership in the family as a potential ground for relief. The BIA neither mentioned the evidence of harm to the family nor considered whether Petitioner had shown prima facie eligibility for relief on that ground. See also Nababan, 18 F.4th at 1096 (granting the petition and remanding on the ground that "the BIA committed legal error because it did not assess the individualized risk of persecution that Petitioners face due to their identity as evangelical Christians").

Because the BIA did not consider the issue, we express no view on whether Petitioner has established prima facie eligibility due to membership in the particular social group of his family. See Navas v. INS, 217 F.3d 646, 658 n.16 (9th Cir. 2000) (holding that we may not consider an issue that was not addressed by the BIA).

**Petition GRANTED and REMANDED for further proceedings.**