NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUDWIN ALEXANDER BARRERA-
CORDOVA,

            Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

            Respondent.

Nos. 18-72713

Agency No. A206-891-050

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 5, 2022
Pasadena, California

Before:  M. SMITH, COLLINS, and LEE, Circuit Judges.

Ludwin Alexander Barrera-Cordova, a citizen of El Salvador, petitions for

review of the decision of the Board of Immigration Appeals ("BIA") upholding the

order of the Immigration Judge ("IJ") denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture.  We

have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C.

§ 1252, and § 2242(d) of the Foreign Affairs Reform and Restructuring Act,

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

8 U.S.C. § 1231 note. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1690–91 (2020). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Under the substantial evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

1. In reviewing the agency's determination that Barrera-Cordova's mistreatment did not rise to the level of persecution, we need not decide whether we review only for substantial evidence or whether we review de novo because we conclude that the standard of review does not make a difference here. *See Fon v. Garland*, 34 F.4th 810, 813 n.1 (9th Cir. 2022). Even assuming that de novo review applies, we agree that the harms to Barrera-Cordova did not rise to the level of persecution.

Barrera-Cordova, a member of the ARENA political party, testified that, after he protested at a public meeting of the rival FMLN party, police forcibly removed him from the meeting but that he was not physically harmed. Barrera-Cordova claimed that, after this incident, the FMLN began extorting money from his father, who owned an orange grove, in exchange for not harming Barrera-Cordova. Barrera-Cordova's father made ten payments, totaling approximately

$30,000. On May 31, 2014, four unidentified armed men arrived at Barrera-Cordova's father's house in a police patrol vehicle and, with guns drawn, confronted the father about Barrera-Cordova's whereabouts. The family's dogs began attacking the men, and Barrera-Cordova's father, armed with a machete, was able to close the front door. He and Barrera-Cordova, who was inside at the time, were then able to leave through a back door and hide in the orange grove on the family property until the men left. After this incident, Barrera-Cordova's father made the last extortion payment. Barrera-Cordova returned to his own home in San Salvador, and neither he nor his father received any further threats or extortion demands from the FMLN.

We have held that "extortion, plus the threat of violence, on the basis of a protected characteristic can constitute persecution." *Ayala v. Sessions*, 855 F.3d 1012, 1015 (9th Cir. 2017) (citing *Borja v. INS*, 175 F.3d 732, 736 (9th Cir. 1999) (en banc)); *see also Zehatye v. Gonzales*, 453 F.3d 1182, 1186 (9th Cir. 2006) (stating that, although "mere economic disadvantage alone, does not rise to the level of persecution," a "substantial economic deprivation that constitutes a threat to life or freedom can constitute persecution"). However, because "persecution is an extreme concept," the combination of threats of violence and economic deprivation must be sufficiently "severe and pervasive" to rise to the level of persecution. *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995). That standard is

3

not met here.

Substantial evidence supports the IJ's specific factual finding that Barrera-Cordova's family "had ample financial resources" to absorb the extortion payments with "no change in lifestyle" for Barrera-Cordova or his family. Thus, while the payments were large in absolute terms, they did not deprive Barrera-Cordova or his family of the ability to earn a livelihood or even to maintain their current lifestyle. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (holding that, where alien was fired from her job for discriminatory reasons but subsequently "found steady work," her economic harm was "not the type of economic deprivation that rises to the level of persecution"). Moreover, Barrera-Cordova testified that he had only been directly threatened once, that he never received any threats or demands while at his home in San Salvador, that neither he nor his family were ever physically harmed, and that no further threats occurred after 2014. On this record, the combination of economic harms and threats that did not result in physical harm was not sufficiently severe to rise to the level of the extreme concept of persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1061–63 (9th Cir. 2021) (identifying factors to consider in assessing persecution and underscoring, as a "significant consideration," whether the alien "was subject to 'significant physical violence'" (quoting *Nagoulko*, 333 F.3d at 1016)).

2. Substantial evidence supports the agency's denial of relief under the

Convention Against Torture. To qualify for such relief, "an applicant bears the burden of establishing that she [or he] will more likely than not be tortured with the consent or acquiescence of a public official if removed to her [or his] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). On this record, the BIA reasonably upheld the IJ's finding that Barrera-Cordova had failed to show that he would be subject to torture, much less that the government of El Salvador would "acquiesce or turn a blind eye to anyone torturing him." We cannot say that the record compels a contrary conclusion. *See* 8 U.S.C. § 1252(b)(4)(B).

The petition for review is **DENIED**.