**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARITZA FLORES DOMINGUEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-1394

Agency No.
A202-193-388

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2023**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Maritza Flores Dominguez, a native and citizen of El Salvador, petitions pro se for review of a Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, cancellation of removal, and protection under the Convention Against Torture ("CAT"). We review the BIA's legal conclusions de novo and its factual

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Where, as here, the BIA agrees with the IJ and adds its own reasoning, we review both decisions. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 976 (9th Cir. 2022). We dismiss in part and deny in part the petition for review.

As an initial matter, Flores Dominguez raises for the first time several issues and facts not in the record. She argues that the agency violated due process by failing to consider "any proposed particular social groups that [she] could have asserted membership in," arguing that "family" could be asserted as a nexus to a protected ground. She states that "the father of Petitioner's child was abusive towards her" and claims she will be tortured by "her ex partner." *Id.* Because Flores Dominguez failed to raise these arguments before the BIA, we decline to consider them. *See Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1113–14 (2023) (holding that 8 U.S.C. § 1252(d)(1) is a non-jurisdictional claim-processing rule).

We lack jurisdiction over Flores Dominguez's challenges to the denial of her cancellation application for lack of hardship to her United States' citizen children. *See* 8 U.S.C. § 1252(a)(2)(B). We have held that "matters of governmental grace, such as adjustment of status and cancellation of removal relief are discretionary judgments not subject to review." *Martinez v. Clark*, 36 F.4th 1219, 1228 (9th Cir. 2022). While we retain jurisdiction to review "colorable" constitutional challenges, *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005), Flores Dominguez's assertion that the BIA applied the wrong

2                                                    21-1394

legal standard in violation of her due process rights fails to reach that bar. The BIA correctly considered whether her qualifying relative would suffer "exceptional and extremely unusual hardship" if she were removed. Though Flores Dominguez believes she has shown the necessary hardship, "traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction." *Martinez-Rosas*, 424 F.3d at 930.

We have jurisdiction over the remainder of Flores Dominguez's claims under 8 U.S.C. § 1252. Flores Dominguez's request for asylum relief is time-barred. She filed her asylum application ten years after entering the United States. Her former counsel conceded before the IJ that she was subject to the one-year bar, and Flores Dominguez did not ask to withdraw this concession. Nevertheless, she argues that she qualified for an exception to the filing deadline as a member of the *Mendez Rojas* certified class in *Mendez Rojas v. Johnson,* 305 F. Supp. 3d 1176 (W.D. Wash. 2018). The BIA correctly rejected her class membership claim because she has not been in DHS custody, a requirement for both classes, and she has not otherwise shown how she qualifies. *See Mendez Rojas*, 305 F. Supp. 3d at 1179. This exception is unavailable, and her asylum application is untimely.

The BIA also did not err in denying Flores Dominguez withholding of removal because she has not demonstrated past persecution or a clear probability of future persecution on a protected ground. The unfulfilled threats that Flores

Dominguez received from Luis were distressing; "[t]hough condemnable, these threats were not 'so overwhelming so as to necessarily constitute persecution.'" *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) (quoting *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995)). Flores Dominguez acknowledges that she only received verbal threats from Luis and was not physically harmed. Luis also began extorting her family when she refused to be his girlfriend. While extortion plus threats of violence may rise to past persecution, *see Ayala v. Sessions*, 855 F.3d 1012, 1021 (9th Cir. 2017), Flores Dominguez has not alleged that she herself was extorted, only members of her family, and she has not shown that the harm occurred on the basis of a protected ground. Substantial evidence supports the BIA's determination that future persecution is also lacking. Her family continues to reside in the same home, they have not been contacted by Luis in over a decade, and Flores Dominguez returned to visit her ill mother in 2016 without incident. "The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution." *Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021).

A petitioner seeking CAT protection must show that it is "more likely than not he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). Because the past unfulfilled verbal threats and harassment did not rise to the level of persecution, "it necessarily falls short of the definition of torture." *Sharma*, 9 F.4th at 1067. Flores Dominguez's safe visit in 2016 without contact from Luis indicates that she could safely internally

relocate to avoid torture.  The record does not compel reversal of the BIA's CAT denial.

**PETITION DISMISSED in part; DENIED in part.**