NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA LILIA MURGA-LOPEZ; OSCAR URIEL ROMERO-MURGA; MARTIN ROMERO-REYES; JESUS EDUARDO ROMERO-MURGA,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1427

Agency Nos.
A209-168-636
A209-168-637
A209-168-675
A209-168-676

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2023[**]
Phoenix, Arizona

Before: GOULD, HURWITZ, and BUMATAY, Circuit Judges.

Maria Lilia Murga-Lopez, Martin Romero-Reyes, Jesus Eduardo Romero-Murga, and Oscar Uriel Romero-Murga ("Petitioners"), natives and citizens of Mexico, seek review of a Board of Immigration Appeals ("BIA") order

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

dismissing their appeal from the decision of an Immigration Judge ("IJ") that denied their applications for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018), we deny the petition.

1. Substantial evidence supports the denial of Petitioners' asylum claim. To qualify for asylum, an applicant "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). In other words, an applicant must show a nexus between the harm experienced or feared and one of the listed protected grounds. *Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021).

Petitioners allege that they will face persecution because of their "family membership." Although family can be a social group under § 1158(b)(1), a petitioner must show that the "persecution was or will be *on account of* his membership in such group." *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011). The agency's conclusion that Petitioners did not establish the required nexus was supported by substantial evidence. Maria Murga-Lopez testified that Petitioners were targeted because of their business ownership and that the extortion stopped when Petitioners closed the business. This supports the BIA

---

[1] Petitioners also applied for relief under the Convention Against Torture. Petitioners do not contest the BIA's conclusion that this was waived.

and IJ's findings that the motivation for targeting Petitioners was economic—not because of their membership in a particular social group.

Petitioners suggest the BIA's decision contradicts *Ayala v. Sessions*, 855 F.3d 1012 (9th Cir. 2017). We disagree. In *Ayala*, we ruled that extortion could constitute persecution, but that a showing of nexus was still required to satisfy the requirements for withholding of removal. 855 F.3d at 1021. Here, the record supports the agency's conclusion that Petitioners were targeted for economic reasons, not because of their familial ties.

2. Because Petitioners have not met their burden of proof for asylum, substantial evidence also supports the BIA's denial of withholding of removal. *Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020) ("An applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal.").

**PETITION DENIED.**