**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CLAUDIA PATRICIA GONZALEZ MOLINA; UZIEL HASBAI SANCHEZ GONZALEZ, | No. 22-1930 |
| Petitioners, | Agency Nos. A206-269-972 A206-269-973 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2024[**]
Pasadena, California

Before: W. FLETCHER, NGUYEN, and LEE, Circuit Judges.

Claudia Patricia Gonzalez Molina ("Gonzalez Molina") and her minor son,

Uziel Hasbai Sanchez Gonzalez, (collectively, "petitioners"), natives and citizens

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of Honduras, petition for review of a decision of the Board of Immigration Appeals ("BIA"). The BIA affirmed the Immigration Judge's ("IJ") denial of petitioners' motion to reopen their removal proceedings.

We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen under the abuse of discretion standard and uphold the denial unless the BIA "acted arbitrarily, irrationally, or contrary to law." *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). Under the abuse of discretion standard, factual findings are upheld so long as they are supported by substantial evidence, and legal questions are reviewed de novo. *Id*. We deny the petition.

Petitioners' motion to reopen asserts that Gonzalez Molina takes two daily prescription medications to treat anxiety and depression, a fact she did not tell her counsel or the court at the time of the merits hearing. Petitioners argue that side effects from medication caused Gonzalez Molina's "inconsistent and incoherent testimony" at the merits hearing and that her testimony contained clear indications that she lacked competency, such that the IJ violated its independent duty to inquire into her competency.

An alien is "competent to participate in immigration proceedings" if he or she "has a rational and factual understanding of the nature and object of the proceedings, can consult with the attorney or representative if there is one, and has

2

a reasonable opportunity to examine and present evidence and cross-examine witnesses." *Matter of M-A-M*, 25 I. & N. Dec. 474, 479 (BIA 2011). In a motion to reopen, the petitioner must show that the evidence that is the basis for the motion "is material and was not available and could not have been discovered or presented at the former hearing." *Ayala v. Sessions*, 855 F. 3d 1012, 1020 (9th Cir. 2017) (quoting 8 C.F.R. § 1003.23(2), (3)). Additionally, to show prima facie eligibility for relief on a motion to reopen, the petitioner must demonstrate "a reasonable likelihood that the petitioner would prevail on the merits if the motion to reopen were granted." *Fonseca-Fonseca v. Garland*, 76 F. 4th 1176, 1179 (9th Cir. 2023).

The BIA affirmed the IJ's denial of petitioners' motion to reopen on two grounds. Either ground is a sufficient basis for us to deny the petition.

First, the BIA found that because Gonzalez Molina began taking the medications prior to the merits hearing, she had not met her burden to show that the evidence that was the basis for her motion to reopen was 'new' and could not have been raised at the merits hearing. Gonzalez Molina admits that she began taking the medication before the merits hearing, and that she did not raise the issue to counsel or the IJ.

Second, the BIA found that Gonzalez Molina had not shown a reasonable likelihood that she would be deemed incompetent if, based on the evidence she now seeks to present, her motion to reopen were granted. Based on the transcript of the merits hearing, Gonzalez Molina's testimony did not raise "indicia of incompetency." *Salgado v. Sessions*, 889 F.3d 982, 989 (9th Cir. 2018). Gonzalez Molina has not explained how her mental health diagnosis or prescription drug use made her incompetent.

**PETITION DENIED.**