NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANCISCO ISRAEL BATRES-ROCA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3

Agency No.
A070-154-405

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2025[**]
Honolulu, Hawaii

Before: McKEOWN, FRIEDLAND, and SUNG, Circuit Judges.

Francisco Israel Batres-Roca, a native and citizen of Guatemala, petitions for review of the denial by the Board of Immigration Appeals ("BIA") of his motion to reopen removal proceedings. We have jurisdiction to review these mixed questions of law and fact under 8 U.S.C. § 1252. *See Wilkinson v. Garland*, 601

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S. 209, 212 (2024). We review the BIA's denial of a motion to reopen for abuse of discretion. *Lemus-Escobar v. Bondi*, 140 F.4th 1079, 1086 (9th Cir. 2025). We deny Batres-Roca's petition for review.

Batres-Roca was issued a final order of removal after the Immigration Judge ("IJ") found him ineligible for asylum and related relief based in part on his failure to file an asylum application within one year of his most recent entry into the United States. Batres-Roca claims that he is a member of the *Mendez Rojas* class, and as such, is entitled to reopening of proceedings because the one-year bar does not apply where an applicant failed to receive proper notice of the time and place of a removal hearing. Order on Joint Motion for Final Approval of Settlement Agreement, *Mendez Rojas v. Wolf*, No. 2:16-cv-01024-RSM (W.D. Wash. Nov. 4, 2020).

The BIA did not abuse its discretion in holding that there was no basis to remand proceedings even in light of Batres-Roca's purported membership in the *Mendez Rojas* class. In addition to finding Batres-Roca's application untimely, the IJ alternatively denied Batres-Roca's application for relief on the merits. The BIA affirmed, holding that Batres-Roca failed to establish that he was prima facie qualified for asylum or related relief. In this petition, Batres-Roca does not provide new evidence challenging the merits determinations of the IJ and BIA. We review each of Batres-Roca's arguments in turn:

2                                                                                    24-3

First, the BIA did not abuse its discretion in expressly declining to address Batres-Roca's motion for relief under 8 U.S.C. § 1229b(a). Such relief is restricted to lawful permanent residents ("LPRs"). In prior proceedings, the IJ concluded, and Batres-Roca conceded, that Batres-Roca had lost legal permanent resident status after his 1991 felony conviction and 1992 deportation. As such, Batres-Roca is ineligible for relief under 8 U.S.C. § 1229b(a).

Second, the BIA did not abuse its discretion in concluding that Batres-Roca failed to establish a prima facie case of statutory eligibility for non-LPR cancellation of removal under 8 U.S.C. § 1229b(b). Batres-Roca does not offer any evidence demonstrating that his removal would result in "exceptional and extremely unusual hardship" to his U.S.-citizen wife—his only qualifying relative under 8 U.S.C. § 1229b(b)(1)(D).

Finally, the BIA did not abuse its discretion in declining to reopen Batres-Roca's asylum proceedings. Batres-Roca offered no new evidence in support of his motion, in contravention of the statutory requirement that movants "state the new facts that will be proven at a hearing" with "support[] [from] affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B); *see also Ayala v. Sessions*, 855 F.3d 1012, 1020 (9th Cir. 2017) (noting that a motion to reopen may be granted only if the evidence presented is new, material, and newly available).

Batres-Roca's motion to reopen may alternatively be construed as a motion

to reconsider. *See Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005) (permitting a motion to reopen to be construed as a motion to reconsider based on its underlying purpose). We review for abuse of discretion motions to reconsider, and de novo for questions of law. *Suate-Orellana v. Garland*, 101 F.4th 624, 628 (9th Cir. 2024). Batres-Roca argues that it was legal error for the BIA to find that the killing of Batres-Roca's family did not constitute harm rising to the level of past persecution. We disagree. Although violence to members of one's family supports a finding of past persecution, *see, e.g.*, *Singh v. Garland*, 57 F.4th 643, 654 (9th Cir. 2023), such violence does not—as a matter of law—*guarantee* a finding of past persecution, *see, e.g.*, *Kaur v. Wilkinson*, 986 F.3d 1216, 1227 (9th Cir. 2021) ("[V]iolence directed against . . . family members . . . *in some instances* is sufficient to establish persecution." (emphasis and second ellipsis added) (quoting *Baballah v. Ashcroft*, 367 F.3d 1067, 1074-75 (9th Cir. 2004))). Here, the BIA adequately considered additional factors when affirming the IJ's denial of Batres-Roca's asylum application, including Batres-Roca's credibility. Therefore, the BIA did not abuse its discretion in denying Batres-Roca's motion.

**PETITION DENIED.** [1]

---

[1] The stay of removal will dissolve upon the issuance of the mandate.