NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO LARA-GARCIA, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-5044 <br><br> Agency No. <br> A205-534-559 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 21, 2025[**]
Pasadena, California

Before: CLIFTON, BYBEE, and DE ALBA, Circuit Judges.

Petitioner Ricardo Lara-Garcia, a native and citizen of Peru, seeks review of

the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the

Immigration Judge's (IJ) denial of his application for withholding of removal and

for protection under the regulations implementing the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

We may review the IJ's decision "to the extent the [BIA's] decision adopts or relies on the IJ's reasoning." *Allaniz v. Barr*, 924 F.3d 1061, 1065 (9th Cir. 2019). We review the IJ's factual findings as to withholding and CAT for "substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (quoting *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014)). We review the BIA's legal determinations de novo. *Ayala v. Sessions*, 855 F.3d 1012, 1020 (9th Cir. 2017).

1. The BIA committed error in concluding that Petitioner had waived any challenges to the IJ's dispositive determinations that he "did not establish (1) past harm rising to the level of persecution; (2) a nexus between any past or feared future harm and a protected ground; and (3) eligibility for CAT protection." Although Petitioner's arguments were sparse and largely duplicative of his arguments before the IJ, Petitioner did specifically identify and raise these issues in his appellant's brief to the BIA. The BIA thus erred in ruling these challenges were waived. *See, e.g.*, *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) ("[Petitioner] raised the issue of Convention relief before the BIA, and our precedent requires nothing more.").

However, such error was harmless because the BIA did not dismiss the

appeal solely on waiver grounds; it also considered Petitioner's claims on the merits. The Government's request that we remand if we disagree with the BIA's waiver determination is thus unnecessary because the BIA adopted the IJ's merits determinations, and we may review those determinations for substantial evidence.

2. Substantial evidence supports the IJ's finding that Petitioner did not qualify for withholding of removal. First, substantial evidence supports the IJ's finding that Petitioner did not suffer past persecution at the hands of the Peruvian organized criminal group Los Malditos de Comas. "Persecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'" *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (quoting *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003)). The IJ determined that, even taken together, the various verbal threats, the extortion, the single beating that did not require hospitalization, and the threat at gunpoint did not rise to the "extreme" level of "persecution." *See id.*

Even assuming those harms constituted persecution, substantial evidence supports the IJ's conclusion that Petitioner did not establish the requisite "nexus" between the harms he suffered and a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357–60 (9th Cir. 2017). Petitioner has never specified the protected social group to which he claims to belong, and the only reason he claims he was targeted was for money. The IJ properly concluded that that is insufficient.

3                                                                              24-5044

*See Zetino v. Holder*, 622 F.3rd 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

While that "lack of a nexus to a protected ground is dispositive of [Petitioner's] . . . withholding of removal claim[,]" *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016), substantial evidence also supports the IJ's independently dispositive conclusions that Petitioner did not show that the Peruvian government is "unable or unwilling" to provide protection, 8 U.S.C. § 1101(a)(42)(A), or that it was more likely than not that he would be persecuted because of a protected ground in the future.

3.      Substantial evidence also supports the IJ's conclusion that Petitioner does not qualify for CAT protection. The harms described by Petitioner—generic extortion and one instance of physical beating—do not constitute "an extreme form of cruel and inhuman treatment." 8 C.F.R. § 1208.18(a)(2); *see Duran-Rodriguez*, 918 F.3d at 1029. Moreover, those harms were not inflicted by the Peruvian government or individuals the government cannot or is unwilling to control. *See B.R. v. Garland*, 26 F.4th 827, 844–45 (9th Cir. 2022). On the contrary, the evidence showed that the Peruvian police were successfully prosecuting Comas.

The petition is **DENIED.**