NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCOS FERNANDO DURON
GONZALEZ,

               Petitioner,

  v.

TODD BLANCHE, Acting Attorney General,

               Respondent.

No. 22-276

Agency No. A014-656-521

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 19, 2025
Phoenix, Arizona

Before: HAWKINS, HURWITZ, and COLLINS, Circuit Judges.

      Marcos Fernando Duron Gonzalez, a citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") upholding an order of an Immigration Judge ("IJ") denying his application for deferral of removal under the Convention Against Torture ("Torture Convention"). Because the BIA's decision also rejected Duron Gonzalez's application for asylum, that decision constitutes a "final order of removal" under § 242(a)(1) of the Immigration and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Nationality Act, 8 U.S.C. § 1252(a)(1), and we therefore have jurisdiction over his challenge to the BIA's accompanying denial of relief under the Torture Convention. *See* 8 U.S.C. § 1252(a)(4); Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. No. 105-277, div. G, § 2242(d), 112 Stat. 2681, 2681-822 (Oct. 21, 1998), 8 U.S.C. § 1231 note (United States Policy with Respect to the Involuntary Return of Persons in Danger of Subjection to Torture) (providing that "no court shall have jurisdiction" to review a Torture Convention claim "except as part of the review of a final order of removal pursuant to section 242 of the Immigration and Nationality Act"); *cf. Navarrete v. Bondi*, 170 F.4th 1214, 1221–22 (9th Cir. 2026) (holding that this court's jurisdiction over Torture Convention claims turns on whether the BIA's decision qualifies as a "final order of removal"). We grant the petition.

To obtain relief under the Torture Convention, an applicant must establish that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *see Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). "[A]ll evidence relevant to the possibility of future torture shall be considered" in assessing that likelihood, "including . . . conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3). "At the same time, the regulations vest the IJ with discretion to manage the presentation of evidence, including setting deadlines for the admission of

2

evidence." *Owino v. Holder*, 771 F.3d 527, 532 (9th Cir. 2014); *see* 8 C.F.R. § 1003.31(h).

The IJ initially scheduled Duron Gonzalez's hearing for May 1, 2020, with an accompanying evidentiary submission deadline set 14 days earlier, on April 17. The IJ thereafter twice postponed the hearing but did not address whether the evidentiary submission deadline was likewise extended. Even assuming *arguendo* that the deadline for evidentiary submissions remained April 17 and that the IJ therefore "ha[d] discretion in deciding whether to consider" evidence submitted after that date, *Owino*, 771 F.3d at 532, we conclude that the IJ abused his discretion in rejecting the relevant exhibits proffered by Duron Gonzales.

At the hearing, the IJ did *not* hold that evidence submitted after April 17 would not be considered. Instead, after reviewing the submitted exhibits with the parties, the IJ admitted into evidence multiple exhibits received by the court after April 17. Although Duron Gonzalez (who was then proceeding without counsel) initially agreed that the IJ had "covered all of the documents that [he] provided to the court," he alerted the IJ later in the hearing that the IJ had "never mentioned" the "packet" of "country conditions" evidence submitted on August 27. The IJ then faulted Duron Gonzalez for not raising this point earlier when, at the outset of the hearing, the IJ had asked the parties whether "there is anything else [the IJ] did not identify." Duron Gonzalez responded that he "just saw [his] notes" and caught

the omission. Rather than state that he would consider the evidence, the IJ told Duron Gonzalez to proceed with his argument as to "why [the IJ] should grant [his] application." The IJ's subsequent written ruling denying relief makes no mention of the country conditions evidence that Duron Gonzalez had submitted.

Nothing in the record supports the BIA's view that, in rejecting Gonzalez's country conditions evidence, the IJ was applying the April 17 deadline. Instead, the IJ indicated that he would not consider the evidence simply because Duron Gonzalez had not called it to the IJ's attention earlier in the hearing. Refusing to allow a pro se litigant to correct such an oversight before the close of evidence is sufficiently arbitrary to constitute an abuse of discretion. *Ayala v. Sessions*, 855 F.3d 1012, 1020 n.5 (9th Cir. 2017).

Because the IJ and the BIA improperly failed to consider the country conditions evidence, "the proper course of action is to remand with instructions that the BIA reconsider" Duron Gonzalez's Torture Convention claim in light of that evidence. *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010). The Government argues that a remand would be futile, because in any event Duron Gonzalez failed to show a particularized risk of future torture in Mexico. But the IJ did not contest Duron Gonzalez's claim that he might face a particularized risk of torture by drug traffickers and instead held that Duron Gonzalez had "failed to show any sufficient state action," *i.e.*, that any future torture would be "with the

4

consent of the Mexican government." Accordingly, to the extent the BIA purported to hold that Duron Gonzalez "did not meet his burden to establish a particularized threat of torture," it engaged in impermissible appellate factfinding. *See Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012) ("Where the BIA makes factual findings, it commits an error of law." (simplified)); *Park v. Garland*, 72 F.4th 965, 979 (9th Cir. 2023) (holding that forecasts of a petitioner's likelihood of future torture are factual findings). We therefore reject the Government's argument that remand would be futile.

Additionally, the IJ and the BIA each failed to "consider the *aggregate risk* of torture that [Duron Gonzalez] would face from all possible sources." *Park*, 72 F.4th at 980. Both characterized his risk as arising out of his "refusal to partake in drug trafficking," but Duron Gonzalez also contended that he faced an additional, distinct risk of being mistaken for a rival by cartel members (as he claims he had been in the past). This additional consideration confirms that remand is required. *See Cole v. Holder*, 659 F.3d 762, 775 (9th Cir. 2011).

**PETITION GRANTED.**